**SOCOTCH, Appellee, v. BOARD OF LIQUOR CONTROL, STATE OF OHIO et, Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4781. Decided June 2, 1952.

Isadore Topper, Columbus, William J. Kraus, Cleveland, for appellee.

C. William O'Neill, Atty. Genl., Brown W. Pettit, Asst. Atty. Genl., Columbus, for appellants.

Common Pleas Court, Franklin County.

No. 183600. Decided March 25, 1953.

Isadore Topper, R. Brooke Alloway, William J. Kraus, Donald H. Tishman, Columbus, for petitioner.

C. William O'Neill, Atty. Genl., Robert E. Leach, Robert Krupansky, Asst. Attys. Genl., Columbus, for respondents.

## OPINION

By CLIFFORD, J.

The court, having considered the motion of the petitioner for a citation in contempt, the answer of the respondents, the evidence offered orally at the hearing and the briefs and arguments of counsel, hereby makes the following findings of facts:

(1) Respondent William C. Bryant, who at the time of the institution of this proceeding was the duly appointed, constituted and acting Director of Liquor Control of the State

of Ohio, has, during the pendency of such proceeding, been appointed and has qualified as a member of the bench of this court, the Common Pleas Court of Franklin County, Ohio, and has ceased to be responsible for the duties of the director of the Department of Liquor Control. Therefore, said respondent cannot perform any official duty of the director of the Department of Liquor Control.

(2) This court, on April 4, 1952, issued an order, which was duly journalized, reversing the prior order in the instant case of the respondents, the Board of Liquor Control of the State of Ohio which affirmed the order of the respondent, the director of Liquor Control of the State of Ohio. The said order of this court stood and still stands, unmodified and unreversed.

(3) Each of respondents, the Board of Liquor Control, was served with a copy of the entry of this court filed April 14, 1952, and was advised of the contents thereof, prior to December 3, 1952, and prior to December 3, 1952, was served with a copy of the mandate of the Supreme Court of Ohio which, in effect, sustained the order of this court dated April 14, 1952.

(4) On December 3, 1952, respondents the Board of Liquor Control of the State of Ohio entered the following order:

"DEPARTMENT OF LIQUOR CONTROL
OF THE STATE OF OHIO
BOARD OF LIQUOR CONTROL
Docket No. 1030
Case No. 5137
December 3, 1952.

"IN THE MATTER OF THE APPEAL OF—
"Anna J. Y. Socotch
5801 Detroit Avenue
Cleveland, Ohio

"FROM AN ORDER REJECTING APPLICATION FOR TRANSFER OF CLASSES C-2 and D-5 PERMITS

"Whereas this Board of Liquor Control on the 17th day of August, 1951, affirmed the action of the Director of Liquor Control rejecting the application of Anna J. Y. Socotch to transfer D-5 permit. Certificate No. 35959, from 5801 Clark Avenue, Cleveland, Ohio, to 5801 Detroit Avenue, Cleveland, Ohio, and

"Whereas the unreversed order of the Court of Common Pleas of Franklin County in Case No. 183600 on the matter of the appeal of this Board's ruling of August 17, 1951, ordered that the finding, ruling, and order of this Board be reversed, vacated and set aside, and further ordered this Board be directed to make and issue an order allowing the appeal and

directing the Department of Liquor Control and the Director of Liquor Control to transfer said D-5 permit Certificate from 5801 Clark Avenue, Cleveland, Ohio to 5801 Detroit Avenue, Cleveland, Ohio, pursuant to the application theretofore filed by Anna J. Y. Socotch on November 21, 1950, and

"Whereas said Permit Certificate No. 35959 had been issued to Anna J. Y. Socotch on October 21, 1950, and expired on October 21, 1951, and

"Whereas, the Supreme Court of Ohio in the case of **State ex rel. Socotch v. Bryant, 158 Oh St, 249, 49 O. O. 86,** held that Anna J. Y. Socotch has had no valid permit since the expiration of said permit Certificate No. 35959 on October 21, 1951, and that a purported permit Certificate No. 21509 expiring on October 21, 1952, was null and void and of no force or effect,

"Therefore, the Department of Liquor Control and the Director of Liquor Control are hereby ordered to transfer D-5 permit Certificate No. 35959 from 5801 Clark Avenue, Cleveland, Ohio, to 5801 Detroit Avenue, Cleveland, Ohio, effective as of the date of the rejection of the application of said transfer by the Director of Liquor Control, to-wit: January 29, 1951, and to continue until the expiration of said permit Certificate No. 35959 on October 21, 1951.

BOARD OF LIQUOR CONTROL STATE OF OHIO

S. F. M. Krebs, Chairman
S. Maude McQuate, Member
S. Minor Kershner, Member
S. E. G. Schuessler, Member."

(5) Petitioner has, on three occasions, deposited with the Department of Liquor Control of the State of Ohio the sum of $1,050.00 for the renewal of her D-5 liquor permit, the last application for renewal having been filed by petitioner with the director of Liquor Control on December 15, 1952, after the order of this court and the mandate of the Supreme Court of Ohio herein were served on respondents.

(6) Respondents have taken no action whatsoever with respect to any transfer or renewal of the D-5 liquor permit of petitioner except that set forth herein above in paragraph 4.

(7) Petitioner is not, and has not at any time during pendency of this action been licensed by the Department of Liquor Control to sell beer and intoxicating beverages at her place of business located at 5801 Detroit Avenue, Cleveland, Ohio.

This action was commenced as an appeal from the finding and order of the Board of Liquor Control of the State of Ohio, affirming the finding and order of the director of the Department of Liquor Control which denied the application of Anna J. Y. Socotch for a transfer of her D-5 liquor permit from her

premises at 5801 Clark Avenue, Cleveland, Ohio, to 5801 Detroit Avenue, Cleveland, Ohio. Upon consideration of the record, the additional evidence and the arguments and briefs of counsel, the court found that the appeal of the petitioner was well taken and that the finding and order of the Board of Liquor Control should be reversed, and judgment was so entered. Appellate proceedings were had from the judgment and order of this court by the respondents to the Court of Appeals and to the Supreme Court, but the order stood, and now stands, unmodified and unreversed.

The appellate proceedings with which this action was commenced were instituted under the provisions of the Administrative Procedure Act (§154-61 et seq., GC). Said Act, by §154-73 GC provides for appeal from the decision of the Board of Liquor Control to the Common Pleas Court of Franklin County. Upon hearing in this court, §154-73 GC provides:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such other additional evidence as the court may have admitted, that the order is supported by reliable, probative and substantial evidence and is in accordance with law. In the absence of such a finding by the court, it may reverse, vacate or modify the order or make such other ruling as, in its opinion, is supported by reliable, probative and substantial evidence and is in accordance with law. The decision of the court shall be final and conclusive unless reversed, vacated or modified on appeal.

"The court shall certify its judgment to such agency or take such other action in connection therewith as may be required to give its judgment effect."

It is the conclusion of this court that the legislature of Ohio, in enacting §154-73 GC and the related sections, intended that appeals under the Administrative Procedure Act should affect substantial rights of the parties to such appeals, and that the rights conferred by a substantive determination of the court can be and must be effectuated by appropriate action on the part of the administrative board to which the order of the court is issued. It is obvious, and it is demonstrated in this proceeding, that if an administrative appeal is to run its course through the appellate courts of the state, a final determination of rights cannot be had within the one year period during which a liquor license is effective. Therefore, if the Administrative Procedure Act is to have any substantial effect at all, more than mere paper compliance must be given to the order of the court on appeal.

Counsel for respondents have argued that there is no au-

thority in anyone other than the director of the Department of Liquor Control to issue or cause to be issued a current, effective liquor permit. In support of this contention they cite the recently decided case of **State, ex rel. Jones v. Bryant, 159 Oh St, 59, 50 O. O. 55,** in which it was held that mandamus was not available to require a transfer by the director of Liquor Control, where the Board had ordered such transfer. That case was an action in mandamus, and did not involve the order of a Court of Common Pleas under the provisions of §154-73 GC. The last paragraph of said section confers upon the Court of Common Pleas power not vested in the Administrative board by its language:

"The court shall certify its judgment to such agency or take such other action in connection therewith as may be required to give its judgment effect."

In addition to the power expressly conferred upon the court by the language just quoted, a court has inherent power to carry into effect its orders by proceedings in contempt. In **9 O. Jur.,** at **p. 13** it is said:

"* * * The power to punish contempt is inherent in all courts of the United States, its existence being essential to preserve order in judicial proceedings and the enforcement of judgments; it inheres in the dignity of the court itself, and is an attribute as essential and indispensable to the true administration of justice as the person of a judge. Thus it has been held by an Ohio court that the power to punish in courts of superior jurisdiction is a sort of privilege, a prerogative, it is true, but it belongs to the class of privileges which are peculiar to each of the three different departments of government in a free government, not a sort of terrorem as to make a judge an autocrat, for his own benefit, but bestowed upon the courts, for the benefit of the people whose servants the judges are, that they may perform their duties with fidelity, impartiality and effect. No respect for them can exist unless they hold the reins of authority with a firm and strong hand, rebuking all considerable attempts to insult or intimidate the tribunals of the people. Officers of the court, the attorneys, jurors and witnesses, as well as judges, come within this protective power of the courts. As individuals, the judges of the courts exact nothing; as a court of justice in the administration of laws, it is their duty to exact respect and obedience to the law, to protect the orderly and decent discharge of judicial duties * * *."

Jurisdiction to enforce its orders by proceedings in contempt is also expressly vested in a Court of Common Pleas by §12136 et seq., GC.

The effect of the order of this court filed by journal entry on April 14, 1952, was to place a duty on the respondents the Board of Liquor Control to place the petitioner in the position in which she would have been had said respondents not committed error in affirming the order of the director of Liquor Control. This court concludes, therefore, that by order of respondents the Board of Liquor Control dated December 3, 1952, respondents were guilty of contempt of this court.

It is implicit in a determination by the Court of Common Pleas that a transfer should have been issued, that all questions raised by the Department of Liquor Control or before the Board of Liquor Control or by the Board of Liquor Control before the Common Pleas Court have been determined in favor of the appellant. Unless, therefore, new factors have intervened, which affirmatively appear, administrative steps should immediately be taken to place the appellant in the position which she would have occupied had the determination not been made against her in the first instance. In the instant case, respondents expressly limited their compliance to an empty order which could not possibly effectuate the judgment of the court. Such distortion of the principles of justice under the Administrative Procedure Act cannot be tolerated.

It is the finding and judgment of this court that respondent Bryant, by virtue of his appointment as a member of the bench of this court, and his consequent resignation from the officer of Director of the Department of Liquor Control, has been disabled from the performance of any act in compliance with the order of the court, and this proceeding, therefore, as to said respondent, has become moot. For this reason, no order will issue to respondent Byrant.

It is the further finding and order of this court that respondents Frank M. Krebs, Maude McQuate, Minor Kershner, and E. G. Schuessler, as members of the Board of Liquor Control, are in contempt of the order of this court issued by journal entry dated April 14, 1952, and unless purged of such contempt within five days of the order of this court in the instant proceeding, shall stand committed therefor to the County Jail of Franklin County, Ohio, until such time as they shall be purged of said contempt.

Said respondents Frank M. Krebs, Maude McQuate, Minor Kershner, and E. G. Schuessler, as members of the Board of Liquor Control of the State of Ohio, can purge themselves of such contempt by the issuance of an order to the duly constituted and acting Director of the Department of Liquor Control of the State of Ohio to hold an immediate hearing on the

application of petitioner, Anna J. Y. Socotch, for a renewal of her D-5 liquor permit for her premises at 5801 Detroit Avenue, Cleveland, Ohio, which application was filed with the Department of Liquor Control of the State of Ohio on December 15, 1952, which order shall further direct the said Director of the Department of Liquor Control to renew the D-5 liquor permit of Anna J. Y. Socotch for her premises at 5801 Detroit Avenue, Cleveland, Ohio, unless it affirmatively appears that factors have intervened which were not involved or presented and could not have been involved or presented in these proceedings heretofore, and shall further indicate affirmatively that such permit should not be renewed. It is further ordered that a copy of the order of this court hereby made shall be served upon the duly constituted and acting Director of the Department of Liquor Control.

Entry may be drawn accordingly. Exceptions to respondents.