**SOCOTCH, Petitioner-Appellee, v. KREBS et, Respondents-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4934.   Decided November 2, 1953.

Isadore Topper, R. Brooke Alloway, Columbus, William J. Kraus, Cleveland, for petitioner-appellee.

C. William O'Neill, Atty. Genl., Robert E. Leach, Special Counsel, Ralph N. Mahaffey, Asst. Atty. Genl., Columbus, for respondents-appellants.

## OPINION

By WISEMAN, PJ.

This is an appeal on questions of law from the judgment of the Common Pleas Court of Franklin County in which the members of the Board of Liquor Control of the State of Ohio were found to be in contempt of court for failure to obey the former order of the court dated April 14, 1952.

A recitation of the facts is essential for a proper appreciation of the issues involved. On November 21, 1950, Socotch

filed an application to transfer a Class D-5 permit, Certificate No. 35959, from Clark Avenue to Detroit Avenue, Cleveland, Ohio. The permit which Socotch sought to transfer terminated on October 21, 1951. On January 29, 1951, the Department of Liquor Control rejected the application for transfer, and on appeal to the Board of Liquor Control the action of the Department was affirmed, on August 17, 1951. Socotch then appealed to the Common Pleas Court of Franklin County, which reversed the order of the Board of Liquor Control, on April 14, 1952. The judgment of the court was to the effect that:

"* * * the Board of Liquor Control be, and it hereby is, directed to make and issue an order allowing the appeal filed with the Board of Liquor Control by the appellant and directing the Department of Liquor Control and the Director of Liquor Control to **transfer the D-5 permit** of the appellant from 5801 Clark Avenue to 5801 Detroit Avenue, Cleveland, Ohio, **pursuant to the application heretofore filed** by the appellant with the Department of Liquor Control." (Emphasis ours.)

From this order an appeal was taken to this Court where the appeal was dismissed on September 22, 1952 for failure to comply with Rule VII. Motion to certify was denied by the Supreme Court on November 19, 1952. Hence the judgment of the Common Pleas Court entered on April 14, 1952 became the final order.

During the progress of this litigation the lease held by Socotch on the Clark Avenue premises expired in July, 1951, and she was compelled to vacate the premises. Thereupon, under Regulation No. 16 of the Board of Liquor Control, Socotch delivered her permit to the Department for safekeeping. In accordance with Regulation No. 16 the permit was renewed in escrow on October 21, 1951, and Certificate No. 21509 was issued to her with no place of business designated therein except Cleveland, Cuyahoga County, for the reason that she then had no place to operate her business. The new permit was held by the Department for safekeeping under Regulation No. 16. On or about April 16, 1952, Socotch acquired a new lease for the premises which she had formerly occupied on Clark Avenue. Thereupon, she requested the Department to return to her the permit then held by it for safekeeping. The Department refused to comply with the request. Socotch then filed a mandamus action in the Supreme Court against the Director of Liquor Control to require him to return to her the Class D-5 permit. The case is reported under the caption of **State, ex rel. Socotch v. Bryant, Director, et al., 158 Oh St 249.**

The court held that Regulation No. 16, which provided for a renewal of a permit at no designated location, held in escrow, was in conflict with §6064-20 GC, which provides that a permit may be issued to a person to carry on the business at a designated place. The court held that under the facts the Director was without power to renew the permit and Certificate No. 21509 was null and void.

In light of the above facts, and the opinion of the Supreme Court, the Board of Liquor Control on December 3, 1952 entered an order, the pertinent part of which is as follows:

"Whereas this Board of Liquor Control on the 17th day of August, 1951, affirmed the action of the Director of Liquor Control rejecting the application of Anna J. Y. Socotch to transfer D-5 permit, Certificate No. 35959, from 5801 Clark Avenue, Cleveland, Ohio, to 5801 Detroit Avenue, Cleveland, Ohio, and,

"Whereas the unreversed order of the Court of Common Pleas of Franklin County in Case No. 183600 on the matter of the appeal of this Board's ruling of August 17, 1951, ordered that the finding, ruling, and order of this Board be reversed, vacated and set aside, and further ordered that this Board be directed to make and issue an order allowing the appeal and directing the Department of Liquor Control and the Director of Liquor Control to transfer said D-5 permit Certificate from 5801 Clark Avenue, Cleveland, Ohio, to 5801 Detroit Avenue, Cleveland, Ohio, pursuant to the application theretofore filed by Anna J. Y. Socotch on November 21, 1950, and,

"Whereas said Permit Certificate No. 35959 had been issued to Anna J. Y. Socotch on October 21, 1950, and expired on October 21, 1951, and,

"Whereas, the Supreme Court of Ohio in the case of State ex rel. Socotch v. Bryant, 158 Oh St 249, held that Anna J. Y. Socotch has had no valid permit since the expiration of said permit Certificate No. 35959 on October 21, 1951, and that a purported permit Certificate No. 21509 expiring on October 21, 1952, was null and void and of no force or effect,

"Therefore, the Department of Liquor Control and the Director of Liquor Control are hereby ordered to transfer D-5 permit Certificate No. 35959 from 5801 Clark Avenue, Cleveland, Ohio, to 5801 Detroit Avenue, Cleveland, Ohio, effective as of the date of the rejection of the application of said transfer by the Director of Liquor Control, to wit: January 29, 1951, and to continue until the expiration of said permit Certificate No. 35959 on October 21, 1951." (Emphasis ours.)

On March 28, 1953 the lower court found the order of the Board of Liquor Control did not comply with its former order,

and ordered the members of the Board committed to the county jail until such time as they had purged themselves of such contempt:

"by the issuance of an order to the duly constituted and acting Director of the Department of Liquor Control of the State of Ohio to hold an immediate hearing on the application of petitioner, Anna J. Y. Socotch, **for a renewal of her D-5 permit** for her premises at 5801 Detroit Avenue, Cleveland, Ohio, which application was filed with the Department of Liquor Control of the State of Ohio on December 15, 1952, which order shall further direct the said Director of the Department of Liquor Control **to renew the D-5 liquor permit** of Anna J. Y. Socotch for her premises at 5801 Detroit Avenue, Cleveland, Ohio, unless it affirmatively appears that causes have intervened which were not involved or presented and could not have been involved or presented in these proceedings heretofore, and further indicate affirmatively that such permit should not be renewed." (Emphasis ours.)

In the assignments of error appellants use the term "issuance of a current D-5 permit." The record does not show that the court ordered the issuance of a permit, but rather shows in the first instance an order for the transfer of the permit and, later, an order for the renewal of the permit. In view of the confusion of terms the Court will discuss the issues principally from the standpoint of the issuance of an order to transfer or to renew the permit.

The appellants claim that the lower court in its entry dated April 14, 1952, did not order appellants to take any action with regard to the matter of the issuance (renewal) of a current D-5 permit. This contention is supported by the specific words of the order which directed the transfer of the permit rather than an issuance or renewal of a permit. In the issuance of a current permit-there must be a showing of a compliance with the provisions of §6064-16 GC. State, ex rel. Socotch v. Bryant, Director, supra, pages 254, 255. The issuance or renewal of a permit is something entirely different from the transfer of a permit. See §6064-16 and §6064-20 GC.

Appellants claim that the court lacked jurisdiction on April 14, 1952 to order appellants to take any action in regard to the matter of the issuance (renewal) of a current D-5 permit. We agree. The matter of the issuance or renewal of a permit was not before the court. The question presented involved a transfer of the permit.

Appellants also claim that they lacked jurisdiction to order the Director of Liquor Control to take any action with regard to the matter of the issuance (renewal) of a current D-5

permit. The Board of Liquor Control is without power to order the Director to issue or renew a current permit. The application for the issuance, or renewal, of a permit in the first instance is made to the Department, and the Director is required to act thereon. **Scaravilli v. Board of Liquor Control, 61 Abs 514.** The Board of Liquor Control has no authority in the matter except on appeal.

Appellants also contend that the lower court lacked jurisdiction on March 28, 1953 to order appellants to take any action with regard to the matter of the issuance (renewal) of a current D-5 permit, as requested in the application for the renewal of such D-5 permit filed with the Director on December 15, 1952. We agree with appellants for the same reason as stated above, and further for the reason that the application for the renewal of such D-5 permit filed with the Director on December 15, 1952. We agree with appellant for the same reason as we did above, and further for the reason that the application dated December 15, 1952 was not pending in the Common Pleas Court in March, 1953, and therefore the Common Pleas Court lacked jurisdiction to order any action in regard thereto.

The court in its order under date of April 14, 1952 ordered a transfer of the permit. The Board complied with this order. The fact that permittee lost her lease and that the permit which was placed in escrow could not be legally renewed without a designated place of business, was not the fault of the Department, but the fault of the permittee. The permit held by the permittee therefore was not a continuing permit, but an expired permit which the Supreme Court said was not subject to renewal.

The Board of Liquor Control was without power to direct the Director of the Department of Liquor Control to renew the permit. Action must first be taken by the Director on the application. The Board does not act except on appeal. The Director has no authority to renew a permit unless there is an existing legal permit subject to renewal. The members of the Board of Liquor Control were not in contempt for failure to obey the order of the Common Pleas Court to order the Director to renew the permit. A renewal of the permit would be a nullity. The court committed prejudicial error in ordering an act to be performed which would be a nullity.

The order of the Common Pleas Court dated March 28, 1953, is a clear departure from the order dated April 14, 1952 and, in effect, holds the appellants guilty of contempt by reason of their failure to take action, not as ordered on April 14, 1952 to transfer a permit, but as ordered on March 28, 1953, which

attempted to impose a new duty on appellants to renew the permit.

We are not unmindful that the permittee, during the progress of this litigation, on three occasions deposited with the Department of Liquor Control the sum of one thousand and fifty dollars for the renewal of her D-5 permit. This fact did not confer upon the court jurisdiction which it did not have, nor confer upon the Board of Liquor Control, or the Director of Liquor Control, powers which they did not possess. This fact did not influence the Supreme Court in State, ex rel. Socotch v. Bryant, Director, supra, as the statement of facts in that case shows that the permittee had made the required deposit.

The appellee contends that the permit under which she was operating at the time when the application was made for transfer should be regarded as a continuing permit, and should be extended for the required time after the date of the final order; that to effectuate the purpose of the Legislature in the enactment of the Administrative Procedure Act, the permit must be considered as a continuing permit, and that an order for a renewal lies within the power of the court under the provisions of §154-73 GC of the Administrative Procedure Act. The pertinent part of this section of the statute is as follows:

"The court shall certify its judgment to such agency or take such other action in connection therewith as may be required to give its judgment effect."

Appellee contends that the judgment of the court in ordering a renewal constituted "such other action in connection therewith as may be required to give its judgment effect." A complete answer to this contention is that the original judgment was that permittee was entitled to a transfer of the permit, after which the court substituted a new judgment and ordered a renewal of the permit.

Appellee contends that the final order entitled her to a transfer of the permit from the Clark Avenue to the Detroit Avenue location; that the necessary delays inherent in our judicial system, and appellate proceedings instituted prevented a final determination until December 3, 1952; that under §6064-20 GC no liquor permit is issued by the Department for a longer period than one year; that the order of the Common Pleas Court confers substantial rights on the permittee; that no delay, occasioned unavoidably or without fault of the permittee, can work a forfeiture of such rights; that if these rights are not duly preserved, the institution of an appeal from an administrative order is vain and useless. The proposition urged would have application but for the fact that permittee lost her lease and had to vacate the premises. Permittee no

longer operated a place of business, and consequently lost her permit and her right to a renewal. State, ex rel Socotch v. Bryant, Director, supra. Cases cited by appellee have no application to the factual development in the instant case.

Finding error in the record prejudicial to the rights of the appellants, the judgment is reversed and the cause remanded for further proceedings according to law.

MILLER and HORNBECK, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 4934.   Decided November 12, 1953.

Isadore Topper, R. Brooke Alloway, Columbus, William J. Kraus, Cleveland, for petitioner-appellee.

C. William O'Neill, Atty Genl., Robert E. Leach, Chief Counsel, Robert B. Rady, Asst. Atty. Genl., Columbus, for respondents-appellants.

## OPINION

By THE COURT.

Application for rehearing is denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.