316

THE STATE, EX REL. BELL ET AL., APPELLEES, *v.* CAMBRIDGE
BD. OF EDUCATION ET AL., APPELLANTS.

[Cite as State, ex rel. Bell, v. Cambridge Bd. of
Edn. (1976), 45 Ohio St. 2d 316.]

(No. 75-766—Decided March 24, 1976.)

*Mr. John M. Smith* and *Mr. David J. Rohrer,* for appellees.

*Messrs. DeSelm & Moore* and *Mr. Richard A. Baker,* for appellants Kristine Heston et al.

*Mr. Frank K. Leyshon,* city solicitor, for appellants Cambridge Board of Education et al.


*Per Curiam.* Appellants' basic contention is that R. C. 3311.24, the controlling statute herein, vests discretionary authority in the Cambridge board of education, rather than a mandatory duty, to adopt a resolution transferring the territory in question.

It is clear that R. C. 3311.24 requires the board of education in which the territory is located to transfer the territory upon approval by the State Board of Education. The statute mandates that the " * * * State Board of Education shall either approve or disapprove a proposed transfer of territory filed with it * * * and shall notify, in writing, the boards of education of the districts affected by such proposed transfer of territory of its decision." Further, "[i]f the decision of the State Board of Education is an approval of the proposed transfer of territory then the board of education of the district in which the territory is located *shall,* within thirty days after receiving the State Board of Education's decision, *adopt a resolution transferring the territory * * *.*" (Emphasis added.)

Appellants argue that the latter portion of the statute which states, "[s]uch transfer shall not be complete, however, until: * * * (B) An equitable division of the funds and indebtedness between the districts involved has been made by the board of education making the transfer * * *," specifically vests another area of discretion in the Cambridge board of education.

However, this latter contention misinterprets the prior language in the statute *requiring* the local board to "adopt a resolution transferring the territory." The decision of the state board in this case, being to approve the propos-

ed transfer, requires the Cambridge board of education to adopt a resolution transferring the territory.*

Appellants challenge further the validity and sufficiency of the petition for the transfer of the land herein. However, the Cambridge board of education, not having availed itself of its right to appeal the state board's decision, pursuant to R. C. 119.12 (see R. C. 3301.13), cannot now challenge that petition in this action.

Accordingly, the judgment of the Court of Appeals, allowing the writ of mandamus, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

*Appellants argue that "mandamus will not lie to enforce the transfer of land that is inadequately described in the order sought." However, the testimony of the Guernsey County Auditor indicated "that the proper person qualified" could draw a line dividing the school district in question.