CAMPBELL, Judge.
The State of Florida, Department of Health & Rehabilitative Services (HRS), appeals from an order of the trial court which found Alvin Taylor, then secretary and head of HRS in contempt. The order sentenced Mr. Taylor to serve 179 days in jail or until such time as he caused HRS to pay guardian ad litem fees previously ordered by the court. The award of those fees had been the subject of an appeal to this court and was affirmed without opinion prior to the contempt proceedings against Taylor. In re A.E., 392 So.2d 75 (Fla. 2d DCA 1980). We reverse the order of contempt.
Pursuant to section 90.202(5)(11), Florida Statutes (1979) we take judicial notice of the fact that Mr. Taylor is no longer secretary of HRS and can no longer comply with the trial court’s order. Thus, the issue concerning Taylor is moot. Moreover, Taylor’s successor in office is not subject to punishment for contempt for refusing to obey the order entered against Taylor. King v. Greenblatt, 489 F.Supp. 105 (D.Mass.1980); Boise-Kuna Irrigation District v. Hartson, 285 P. 456 (Idaho 1929); Socotch v. Board of Liquor Control, 51 Ohio Ops. 106, 114 N.E.2d 114, rev’d on other grounds Socotch v. Krebs, 97 Ohio App. 8, 119 N.E.2d 309 (1953).
It would appear that if anyone might be properly subject to a contempt citation in these proceedings, the Comptroller or his Chief of the Bureau of Auditing are the most likely subjects. The record reveals that following this court’s affirmance of the trial court’s award of the guardian ad litem fees, In re A.E., HRS submitted a voucher for payment of the fees to the Comptroller on December 19, 1980. The Office of the Comptroller refused to honor the voucher. In a letter to HRS dated December 30, *1072 1980, it chose to interpret for itself In re D.B. and D.S., 385 So.2d 83 (Fla.1980), as invalidating the trial court’s order of payment which this court had affirmed. The decision of this court was after the May 16, 1980 supreme court decision of In re D.B. and D.S. The obvious inference, therefore, is that this court did not consider In re D.B. and D.S. dispositive of In re A.E. filed October 29, 1980. Regardless of the foregoing time sequence, the Chief of the Bureau of Auditing in the Office of the Comptroller disregarded our mandate in In re A.E. In view of this fact, we are writing an opinion in a related proceeding which affirms another judgment against HRS awarding guardian ad litem fees to explain our familiarity with In re D.B. and D.S. and express how we distinguish the holding in that case from the issues involved in this case. In re R.W., 409 So.2d 1069 (Fla. 2d DCA 1981).
Finally, we note that while contempt proceedings in some cases involving similar situations might be appropriate, the most appropriate remedy in the present case would have been a writ of mandamus. Roberts v. Askew, 260 So.2d 492 (Fla.1972); Simpson v. Merrill, 234 So.2d 350 (Fla.1970); In re R.W., 409 So.2d 1069 (Fla. 2d DCA 1981).
SCHEB, C. J., and SCHOONOVER, J., concur.