GARFIELD HEIGHTS CITY SCHOOL DISTRICT, Appellant,

v.

STATE BOARD OF EDUCATION, Appellee.

[Cite as *Garfield Hts. City School Dist. v. State
Bd. of Edn.* (1992), 85 Ohio App.3d 117.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1120

Decided June 30, 1992.

On Motion for Reconsideration
Sept. 15, 1992.

118

*Arter & Hadden, Tom McDonald, Irene Keyse–Walker, Sonali Bustamante Wilson* and *James H. Grove,* for appellant.

*Lee Fisher,* Attorney General, *Christopher M. Culley* and *Karin E. Wilson,* Assistant Attorneys General, for appellee.

*Teamor & Agyeman, Ricardo B. Teamor* and *Adrian D. Thompson,* for *amicus curiae* Cranwood Area Neighborhood Residents.

---

PETREE, Judge.

Appellant, Garfield Heights City School District, appeals from a judgment of the Franklin County Court of Common Pleas, which entered a mandatory injunction under R.C. 119.12 to compel appellant to accept a transfer of school territory from the Cleveland City School District. Appellant sets forth four assignments of error on appeal, which state:

"I. The Franklin County Court of Common Pleas lacked jurisdiction to *sua sponte* re-open an administrative appeal that had been decided for over two years, affirmed by this Court, and finalized by the Ohio Supreme Court's refusal to assert jurisdiction under the guise of a frivolous contempt proceeding.

"II. Even if it could 're-open' the administrative appeal, the Franklin County Court of Common Pleas lacked jurisdiction to decide an issue neither pleaded nor

argued by either party in the administrative appeal, and beyond the scope of the underlying administrative proceeding.

"III. Assuming *arguendo* that the Franklin County Court of Common Pleas could begin new proceedings on issues beyond the scope of the administrative appeal it purportedly 're-opened', it erred by usurping the jurisdiction of the Cuyahoga Court of Common Pleas to decide issues pending in a declaratory judgment action previously filed in the Cuyahoga County Court of Common Pleas.

"IV. Assuming the Franklin County Court of Common Pleas did have jurisdiction to determine issues not properly before it, it misinterpreted and misapplied R.C. 3311.24."

In March 1988, residents of Cranwood,[1] an area located in the city of Garfield Heights, petitioned under R.C. 3311.24(A) to have the area transferred from the Cleveland City School District to the Garfield Heights City School District. Pursuant to R.C. 3311.24(A), a hearing examiner of appellee, State Board of Education ("State Board"), considered the transfer request and ultimately recommended approval. In April 1989, the State Board, by resolution, adopted this recommendation and approved the transfer. In June 1989, the Cleveland City School District passed a resolution authorizing said transfer.

Appellant then appealed the State Board's decision to the Franklin County Court of Common Pleas in accordance with R.C. 119.12. After a hearing, the common pleas court affirmed the State Board's decision. Appellant then appealed to this court. We affirmed the common pleas court in *Garfield Hts. City School Dist. v. State Bd. of Edn.* (1990), 62 Ohio App.3d 308, 575 N.E.2d 503, motion to certify overruled (1991), 60 Ohio St.3d 708, 573 N.E.2d 671.

Notwithstanding, on July 9, 1991, the Garfield Heights Board of Education unanimously passed a resolution rejecting the transfer. One day later, appellant filed a declaratory judgment action in the Cuyahoga County Court of Common Pleas seeking to establish that the Garfield Heights Board of Education had authority under R.C. 3311.24(A) to reject the transfer, despite the State Board's prior approval of it. As a consequence, on July 19, 1991, the State Board initiated contempt proceedings against appellant in the Franklin County Court of Common Pleas, contending that appellant refused to implement the judicially sanctioned transfer. A hearing was held on the contempt issue before the same judge who had ruled on appellant's R.C. 119.12 appeal. The judge denied any contempt citation, but decided to reopen the administrative appeal *sua sponte* and

---

1. This court has allowed Cranwood area residents to file an *amicus* brief herein. Appellant has filed a motion for reconsideration, questioning the self-interested motives of the Cranwood area residents. This motion for reconsideration is without merit and is hereby overruled.

then ordered appellant to complete the transfer by the 1991–1992 school year. The judge denied a stay of his judgment, but this court granted one on appeal.

The instant case is before this court pursuant to the Ohio Supreme Court's decision in *Rossford Exempted Village School Dist. v. State Bd. of Edn.* (1989), 45 Ohio St.3d 356, 544 N.E.2d 651. For years, decisions of the State Board concerning R.C. 3311.24 school district transfers were considered quasi-legislative acts that were not appealable to the courts. In *Rossford*, however, the court departed from this reasoning and instead held that an R.C. 119.12 appeal may be taken from an order of the State Board resulting from an R.C. 3311.24 transfer hearing or adjudication.

In the prior appeal of the case *sub judice*, we considered whether the common pleas court abused its discretion under R.C. 119.12 in finding that the State Board's approval was supported by substantial evidence. In the appeal before us now, we must consider arguments concerning the effect of the common pleas court's R.C. 119.12 judgment and the proper implementation of the State Board's decision. Essentially, appellant argues that the common pleas court committed prejudicial error in this case for two reasons. First, appellant argues that the common pleas court lacked jurisdiction to vacate its prior judgment because that judgment was final and did not address implementation of the approved transfer in any fashion. Second, appellant argues that the common pleas court should not have ordered the transfer because R.C. 3311.24(A) affords receiving districts a statutory right to reject transfers by local board of education vote.

■ We begin our analysis with appellant's first and third assignments of error, which present the central issue in this case. That issue is whether the common pleas court erred in reopening and modifying its prior judgment rendered in the R.C. 119.12 appeal.

R.C. 119.12 provides for an appeal to the common pleas court from certain state administrative agency orders. Under this provision, the court is charged with determining whether there was substantial, reliable, and probative evidence in accordance with law to support the agency's decision. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 17 O.O.3d 65, 407 N.E.2d 1265. Like other judgments, the court's judgment in this regard is accorded finality. R.C. 119.12 expressly provides that "[t]he judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal." There is no provision in R.C. 119.12 for relief from judgment. *Giovanetti v. Ohio State Dental Bd.* (1990), 66 Ohio App.3d 381, 584 N.E.2d 66; *Stover v. Cty. Commrs.* (July 2, 1985), Franklin App. No. 84AP–1085, unreported, 1985 WL 10056. Rather, errors should be corrected by further appeal to the court of appeals as provided for in R.C. 119.12. *Tozzi v. Bur. of Motor Vehicles* (June 8, 1978), Cuyahoga App. No. 37495, unreported.

In the present case, the common pleas court's June 6, 1989 judgment entry affirming the State Board's approval of the Cranwood transfer appears to be final in every respect.[2] This entry merely rules on the merits of the transfer decision based upon the R.C. 119.12 substantial evidence test. The entry does not contain any definite language ordering appellant to complete the approved transfer so that the court would have continuing jurisdiction over the implementation issue. Indeed, the underlying State Board resolution does not contain any such mandatory language either.[3] Moreover, there is no entry reserving or retaining jurisdiction over the issue. Though the court's June 26, 1989 "Decision and Entry" made in response to appellant's motion for a stay contemplates further "implementation" of the State Board's "order," this entry likewise does not contain any definite language ordering a transfer or retaining jurisdiction.[4]

At the contempt hearing two years later, the common pleas court judge expressly recognized that appellant could not be held in contempt of a court order because the judge never journalized any such order. The judge did have recollection of preparing an order to implement the transfer in the event that the court of appeals did not issue a stay on appeal. And appellant produced a copy of that order at the contempt hearing. However, the judge never journalized the order and it is not part of the record on appeal.

Nevertheless, at the contempt hearing, the judge felt that he had continuing authority throughout the transfer proceedings and, therefore, the judge proceeded to reopen the case on his own motion and declare that he retained jurisdiction over the matter. The judge then issued a mandatory order "supplementing" his prior orders. This new order required appellant to complete the transfer of the territory by the start of the 1991–1992 school year.

---

2. The court's judgment entry stated in pertinent part:
"It is further ORDERED, ADJUDGED, and DECREED that with respect to the merits of the instant appeal, the State Board's decision approving of the transfer of territory from the Cleveland City School District to the Garfield Heights City School District was based upon reliable, probative and substantial evidence, and the same is hereby affirmed."

3. The State Board's resolution stated in pertinent part:
" * * * RESOLVED, That such territory be approved for transfer from the Cleveland City School District, Cuyahoga County, to the Garfield Heights City School District, Cuyahoga County * * *."

4. This "Decision and Entry" states, in pertinent part:
"This Court has determined that planning and preparation for the implementation of the Board's order should proceed without further judicial intervention. The Court also believes that the Court of Appeals is in a better position to determine the speed with which this case can proceed through its Court and the possible timing for final implementation if the case is affirmed. In an effort to have appellate procedure coordinated with the implementation of the Board's order, this Court will deny the Appellant's motion for a stay and suggest that application be made to the Court of Appeals."

██ The State Board argues that the judge's supplemental order can be justified as a proper *nunc pro tunc* order. We cannot agree.

It has long been recognized that courts and administrative tribunals generally have inherent authority to correct errors in judgment entries so that the record speaks the truth. *Helle v. Pub. Util. Comm.* (1928), 118 Ohio St. 434, 161 N.E. 282. However, the proper scope of such *nunc pro tunc* entries is limited. Such entries should only be made to correct clerical errors, not mistakes in judgment or discretion. *Leaseway Distrib. Centers, Inc. v. Ohio Dept. of Adm. Serv.* (1988), 49 Ohio App.3d 99, 108, 550 N.E.2d 955, 964–965. That is, such entries should be used to make the record reflect what the court *actually* decided, not what the court might have or should have decided, or intended to decide. *Id.* at 108, 550 N.E.2d at 964–965. *Webb. v. W. Reserve Bond & Share Co.* (1926), 115 Ohio St. 247, 256, 153 N.E. 289, 291.

Here, the judge was not merely correcting a clerical mistake. He did not simply forget to file his order requiring completion of the transfer. Rather, it is apparent that the judge intended not to file the order because a stay could be granted in the court of appeals. Two years later, the judge wanted to change what he had previously done and believed he had authority to do so under R.C. 3311.24(A). We find that the judge's supplemental order was not a proper *nunc pro tunc* entry.

The State Board also argues that a common pleas court has power under R.C. 119.12 to give effect to administrative agency orders which are not self-executing by compelling compliance with the court's judgment. The board relies on a provision in R.C. 119.12 that states that the common pleas court "shall certify its judgment to [the] agency *or take such other action necessary to give its judgment effect.*" (Emphasis added.)

██ We have no quarrel with the notion that an administrative agency, as an inferior tribunal, must comply with the mandate of the common pleas court under R.C. 119.12. Thus, if the common pleas court determines that there was no evidence to support an agency decision and reverses, then the adjudicating agency cannot simply disregard the court's mandate. See *Socotch v. Bd. of Liquor Control* (1953), 510.0.106, 108–109, 66 Ohio Law Abs. 225, 229, 114 N.E.2d 114, 116–117, reversed on other grounds in *Socotch v. Krebs* (1953), 97 Ohio App. 8, 55 O.O. 155, 119 N.E.2d 309.

However, the State Board cannot rely on this provision as a basis for jurisdiction over appellant in this case. Appellant is a party in this appeal, not an inferior tribunal bound by a judicial mandate. The common pleas court's affirmance of the State Board's approval decision was not affirmative judicial "action" taken to give the court's judgment effect. It is clear that the court never

took any such action in this case because the court's journal entries do not contain any mandatory language requiring appellant to implement or complete the transfer. In fact, appellee never requested the court to take such action. This provision was simply never invoked prior to appeal of the common pleas court's final judgment in the R.C. 119.12 appeal.

The State Board may have been able to seek mandamus relief to try to compel appellant to accept and complete the transfer. See, *e.g.*, *State ex rel. Bell v. Cambridge Bd. of Edn.* (1976), 45 Ohio St.2d 316, 74 O.O.2d 475, 345 N.E.2d 57. However, the State Board did not try to litigate the issue in such fashion in Franklin County prior to the institution of the declaratory judgment action in Cuyahoga County. Even the State Board's contempt proceeding was brought after that declaratory judgment action commenced. As between courts of concurrent jurisdiction, the tribunal whose power is first invoked through proper proceedings acquires jurisdiction over the issue at hand to the exclusion of all other tribunals. *State ex rel. Phillips v. Polcar* (1977), 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33.

Appellant's first and third assignments of error are well taken. The common pleas court did lack jurisdiction to reopen the R.C. 119.12 appeal and, by doing so, the common pleas court usurped the jurisdiction of the Cuyahoga County court over issues concerning acceptance and implementation of the Cranwood transfer.

Appellant's second and fourth assignments of error are directed to the common pleas court's conclusion that R.C. 3311.24(A) does not afford the receiving district the right to reject a state-approved transfer by local board of education vote. Our disposition of the previous assignments of error is dispositive herein. However, it is necessary to address and elaborate on the statutory-construction arguments posed by appellant because the common pleas court's theory about why it had continuing jurisdiction is an undercurrent throughout this case. The common pleas court treated the State Board's approval of the transfer as binding on the parties. The common pleas court simply did not think that appellant was able to veto the state-approved transfer by voting it down at a local board of education meeting.

The common pleas court's construction of the statute was erroneous. R.C. 3311.24(A) sets forth a procedure for the transfer of territory from a city or exempted village school district to an adjoining city or exempted village school district. One method of initiating the transfer procedure is by petition of the residents of the transferring district. If a proper petition is made, then the State Board is charged with the duty of either approving or disapproving the transfer. In the event that the State Board approves the transfer, R.C. 3311.24(A) provides that:

" * * * Such transfer *shall not be complete* however, until:

"(1) A resolution accepting the transfer has been passed by a majority vote of full membership of the board of education of the * * * school district to which the territory is transferred[.]" (Emphasis added.)

In the instant case, the State Board argues that this portion of the statute does not afford the receiving district an effective veto over the State Board's decision, but, instead, merely provides for the ministerial act of passing a resolution to accomplish a transfer of legal title to the school district property. The State Board maintains that there is no discretion involved in the vote at all.

The State Board supports this theory by citing *State ex rel. Bell, supra.* In that case, the Supreme Court issued a writ of mandamus to compel a transferring district board of education to pass a resolution authorizing a state-approved transfer. Moreover, the State Board also insists that it would be an absurd result to construe the language of R.C. 3311.24(A) to mean that the transferring district could be compelled to pass a resolution, but the receiving district could not. Further, the State Board questions why the legislature would provide for such an elaborate review procedure of State Board–approval decisions if those decisions could be voted down at the local level in any event.

We find the State Board's arguments unpersuasive. First, the State Board's reliance on *Bell* is misplaced. In *Bell,* which was a mandamus action, the Supreme Court found a clear legal duty to pass a resolution because R.C. 3311.24 clearly said that the transferring district "shall" pass a resolution after approval by the State Board. *Id.,* 45 Ohio St.2d at 317, 74 O.O.2d at 475–76, 345 N.E.2d at 57–58. R.C. 3311.24(A) does not contain any such mandatory language with respect to the receiving district. Rather, the current statute contains relatively clear language to the effect that the local board of education can decide whether to accept the transfer by a *majority* vote. Indeed, Ohio Adm.Code 3301–89–01(H), which was in effect when this case was initiated and repealed thereafter by the State Board, expressly stated that receiving districts could not be forced to accept a transfer.[5]

In addition, a perusal of R.C. Chapter 3311 negates the State Board's statutory-construction arguments. That chapter of the Revised Code defines the different types of school districts and provides for transfers of territory between them. R.C. 3311.22 provides for a transfer of school territory within a county,

---

5. This Ohio Administrative Code section provided in pertinent part:

"In a request for transfer of territory under Section 3311.24 of the Revised Code, if the acquiring board of education is opposed to the acceptance of the territory in question, *such board will not be forced to accept the transfer* as provided in Division (A) of the Revised Code." (Emphasis added.)

from one local school district to another. This statute expressly provides that state-approved transfers are subject to the approval of the receiving district's board of education. R.C. 3311.231 provides for a transfer of territory from a local school district to an out-of-county school district. This statute likewise provides that the transfer is subject to the approval of the receiving district's board of education. Even, R.C. 3311.38, which allows the State Board to initiate a transfer of any territory in the state, provides that the decision shall be subject to the approval of the receiving district's board of education. Given the uniform requirement of approval by the receiving district school board, we cannot accept the State Board's argument that the legislature exempted only one type of school district transfer from the statutory scheme.

As the statute states, after State Board approval and subsequent passage of a resolution by the transferring district, the receiving district has a statutory right to accept or reject a transfer by a majority vote of the local board of education. We reject the State Board's argument that appellant waived this right to vote by not asserting it prior to or during the R.C. 119.12 appeal. Nothing in the statute requires such action.

Accordingly, appellant's second and fourth assignments of error are well taken.

For the foregoing reasons, appellant's assignments of error are sustained. Appellee's motion to modify this court's stay pending appeal is moot and is hereby overruled. The supplemental entry of the common pleas court is set aside, and the cause is remanded to the trial court to dismiss for lack of jurisdiction.

*Judgment reversed*
*and cause remanded*
*with instructions.*

TYACK, J., concurs.

BOWMAN, J., concurs separately.

BOWMAN, Judge, concurring separately.

While I agree with the majority's opinion that the common pleas court lacked jurisdiction in this matter, I disagree with the majority's ruling as to the second, third and fourth assignments of error and, therefore, concur separately.

The issues presented by the second, third and fourth assignments of error, that is, the interpretation of R.C. 3311.24, are not properly before this court. The issues presented by those assignments of error were neither raised nor litigated during the proceedings in common pleas court in 1989. Those proceedings dealt only with the issue of the sufficiency of the evidence to support the State Board's

decision and not with any action, or lack of action, by the Cleveland or Garfield Heights school districts. Inasmuch as there is a declaratory judgment action pending in the Cuyahoga County Court of Common Pleas concerning the interpretation of R.C. 3311.24, that court has jurisdiction and, on the basis of *State ex rel. Phillips v. Polcar* (1977), 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33, this court cannot usurp that court's jurisdiction by proceeding to determine the merits of those issues. Further, it should be noted that this action was not brought as an injunction, nor did the court issue a mandatory injunction; rather, this action was a contempt action brought pursuant to R.C. 119.12. Therefore, while I would sustain the first assignment of error and reverse the judgment of the trial court, I would overrule the second, third and fourth assignments of error.

## ON MOTION FOR RECONSIDERATION

### Decided September 15, 1992

PETREE, Judge.

Appellee, State Board of Education, has filed a motion under App.R. 26 requesting this court to reconsider its decision in *Garfield Hts. City School Dist. v. State Bd. of Edn.*, *supra.* In our decision, we held that the trial court erred by *sua sponte* reopening the subject R.C. 119.12 appeal more than two years after the trial court affirmed the State Board's decision approving the transfer of the so-called Cranwood area school district territory into the Garfield Heights school district territory. See *Garfield Hts. City School District v. State Bd. of Edn.* (1990), 62 Ohio App.3d 308, 575 N.E.2d 503, motion to certify overruled (1991), 60 Ohio St.3d 708, 573 N.E.2d 671.

Appellee's motion for reconsideration challenges this court's decision in several respects. First, appellee argues that this court failed to consider the effect of certain inconsistent representations of law made by appellant's counsel. Second, appellee argues that this court erred in its interpretation of R.C. 3311.24 and 119.12.

The test generally applied to a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue that was not properly considered by the court in the first instance. *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515; *Matthews v. Matthews* (1981), 5 Ohio App.3d 140, 5 OBR 320, 450 N.E.2d 278. Here, appellee has not pointed to any such error or issue. Indeed, appellee's arguments concerning this court's interpretation of R.C. 3311.24 and 119.12 essentially rehash the arguments appellee made in its appellate brief. We expressly rejected those arguments in our decision and we shall not discuss them

again.[6]  This court did not, however, expressly discuss appellee's estoppel argument in our initial decision because it is meritless.

■   Appellee's estoppel argument is this:  Because appellant's counsel made affirmative representations of law to the trial court about the effect of the trial court's affirmance of the board's transfer decision, appellee maintains that those representations should estop appellant from taking a contrary position in the court of appeals in this case.  In particular, appellee contends that appellant's counsel, in connection with its application for a stay of the trial court's affirmance, represented to the trial court that the effect of the trial court's affirmance would necessitate an immediate transfer of the Cranwood area into Garfield Heights. So, appellee contends that appellant should not be heard in this appeal to argue the contrary.

Without citing a single case in support, appellee argues that the legal interpretation made by appellant's counsel in its motion for a stay should forever bar appellant from arguing an alternative or inconsistent position, even though this entire case is one of first impression in Ohio.  At any rate, even if representations of law made by counsel could have a binding and preclusive effect, we must reject appellee's arguments on the facts presented.  In actuality, the arguments made by appellant's counsel on the record never rose to the level of an affirmative representation that a transfer of territory was required if the common pleas court affirmed the State Board's decision.  Rather, appellant's counsel zealously advocated that "implementation" of the State Board's decision would proceed if a stay was not granted and this would result in dire consequences for appellant.  These statements are not inherently inconsistent with appellant's position taken in the instant appeal and do not misrepresent existing law.

For the foregoing reasons, defendant's motion for reconsideration is hereby denied.

*Motion for reconsideration denied.*

BOWMAN and TYACK, JJ., concur.

___

6.  In a separate concurrence, Judge Bowman declined to interpret R.C. 3311.24 because she felt that the Cuyahoga County Court of Common Pleas was the court with jurisdiction over that issue.  Therefore, appellee's arguments concerning the interpretation of R.C. 3311.24 are irrelevant with respect to Judge Bowman's analysis of this aspect of the case.