[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY
{¶ 1} Appellant has moved this court to reconsider our decision and journal entry which was journalized on March 12, 2003. Appellee has not responded to the motion.
{¶ 2} In determining whether to grant a motion for reconsideration, a court of appeals must review the motion to see if it calls to the attention of the court an obvious error in its decision or if it raises issues not considered properly by the court. Garfield Hts. CitySchool Dist. v. State Bd. of Edn. (1992), 85 Ohio App.3d 117. Appellant has argued that the decision should be reconsidered because an error by a court employee precluded the filing of the relevant transcript. Attached to the motion is an affidavit from the Official Court Reporter stating that, in spite of a letter which she sent to Appellant indicating that she had filed the transcript, she did not actually file the transcript of the hearing on the motion to suppress.
{¶ 3} Upon consideration, the motion is granted. The appeal is reinstated. Appellant shall cause the transmission of the transcript of the suppression hearing to be filed within ten days of the journalization of this order. The decision and journal entry in C.A. No. 02CA0059 that was journalized on March 12, 2003, is vacated. The case shall be resubmitted. If the transcript is not filed, the March 12, 2003 decision shall be reissued. If the transcript is filed, this Court will issue its determination on the merits of this appeal by a subsequent decision and journal entry.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Isaac Allen, appellant, appeals from the decision of the Wayne County Court of Common Pleas. We affirm.
 {¶ 2} On May 16, 2002, Mr. Allen was indicted for possession of drugs, in violation of R.C. 2925.11. On July 23, 2003, Mr. Allen filed a motion to suppress evidence discovered by police pursuant to an allegedly unlawful detention and search of his person. A suppression hearing was held, after which the trial court denied the motion to suppress. Thereafter, Mr. Allen pled no contest and the trial court found him guilty of the charges. He was sentenced accordingly. This appeal followed.
 {¶ 3} Mr. Allen raises two assignments of error. We will consider them together to facilitate review.
 First Assignment of Error {¶ 4} "THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO SUPPRESS."
 Second Assignment of Error {¶ 5} "THE DEFENDANT/APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL UNDER THE SIXTH ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 6} In his first assignment of error, Mr. Allen asserts that the trial court erred in denying his motion to suppress. In the second assignment of error, Mr. Allen asserts that he had ineffective assistance of counsel due to counsel's representation during the suppression hearing.
 {¶ 7} This Court is limited in its review on appeal to the record provided to it by the appellant. App.R. 9 and 12(A)(1)(b). In accordance with App.R. 9(B), it is the duty of the appellant to ensure that the record, or necessary portions, are filed with the court in which he or she seeks review. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,19. This is the appellant's duty because he or she has the burden of establishing error in the trial court. State v. Spiker, 9th Dist. No. 21126, 2002-Ohio-7314, at ¶ 6, citing App.R. 9(B). "In the absence of those portions of the record necessary for the resolution of assigned errors, `the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings, and affirm.'" State v. Buzzelli (Oct. 24, 2001), 9th Dist. No. 3145-M, quoting Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 8} In the present case, while Mr. Allen has provided a transcript of the plea and sentencing hearing, he has failed to provide this Court with a transcript of the suppression hearing. Further, he has not filed a statement of the proceedings pursuant to either App.R. 9(C) or (D). We note that while Mr. Allen has attached a purported transcript lacking a time-stamp to the appellant's brief, this is not sufficient to make the purported transcript part of the appellate record. See, generally, State v. Alford (June 2, 1995), 3rd Dist. Nos. 13-94-43 
13-94-44; see, also, State v. Johnson (Sept. 2, 1993), 8th Dist. Nos. 63499, 63500, 63501; North Olmsted v. Miller (Apr. 2, 1987), 8th Dist. No. 51906.
 {¶ 9} As Mr. Allen failed to properly include a transcript of the proceedings necessary for this Court's disposition of the matters at issue, the assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
BAIRD, P.J., WHITMORE, J. CONCUR.