**LAUERMAN, Exr., Appellee,**

**v.**

**DESTOCKI et al., Appellants.**

[Cite as *Lauerman v. Destocki* (1993), 87 Ohio App.3d 657.]

Court of Appeals of Ohio,
Ross County.

No. 92 CA 1847.

Decided May 11, 1993.

658

*J. Gary Coffman,* for appellee.

*Thomas M. Spetnagel,* for appellants.

---

*Per Curiam.*

This is an appeal from a judgment entered by the Ross County Common Pleas Court, Probate Division, finding Ronald G. Smith, Ronald J. Harkless, Sr., Paul W. Destocki, and Irita N. Lauerman (in her individual capacity), defendants below and appellants herein, guilty of concealing estate assets pursuant to R.C. 2109.50.

Appellants assign the following errors:

"First Assignment of Error:

"The lower court erred in conducting a summary proceeding in this matter since full and complete relief could only be afforded to the parties in a plenary action."

"Second Assignment of Error:

"The lower court erred as a matter of law in finding that there had not been a delivery of the stock certificates to the intended donees, and that therefore, decedent's attempt to make an inter vivos gift of his interest in the corporation failed."

A review of the record reveals the following facts pertinent to this appeal. One week prior to his death, Robert L. Frazier signed certain stock certificates in blank, purporting to transfer his one-hundred-percent interest in R.F. Agency and Associates to five employees of the company (four of whom are appellants in the present action). Attorney Paul E. Destocki then had the transfer information typed onto these certificates. When Destocki returned so that Frazier could

"review" the certificates, Frazier refused to review the documents, stating that he was too tired. Frazier died the next day without having reviewed the documents. Following Frazier's death, Destocki distributed the certificates.

On November 14, 1991, Irita N. Lauerman, as executor of Frazier's estate, and as plaintiff below and appellee herein, filed a complaint for concealment and conversion of the estate assets. Lauerman named Smith, Harkless, Destocki, Daniel Estell, and John Mayfield and herself in her individual capacity as defendants. The purpose of the action was to recover the shares of stock allegedly concealed from the estate.

On December 4, 1991, the trial court issued its "Judgment Entry on 'Complaint for Concealment of Assets and for Conversion of Decedent's Assets.'" The judgment entry provides in pertinent part as follows:

"This cause came on for hearing before the Court on November 25, 1991, upon the 'Complaint for Concealment of Assets and for Conversion of Decedent's Assets' filed herein by the Executrix on November 14, 1991, against Paul Destocki, the decedent's attorney, and against Ronald G. Smith, Daniel Estell, Ronald J. Harkless, Sr., John W. Mayfield and Irita N. Lauerman (in her individual capacity), the five (5) persons who were purported donees of shares of stock (Harkless—53 shares, Lauerman—24 shares, Estell—11 shares, Smith—10 shares and Mayfield—2 shares) of R.F. Agency & Associates, Inc., an Ohio corporation, of which the decedent, Robert L. Frazier, was the sole shareholder prior to his death on September 18, 1991.

"Pursuant to Section 2109.50 of the Ohio Revised Code, the Court by citation ordered the named defendants to appear before it to be examined on oath, touching the matter of the Complaint. All of the parties were duly served with said citations, and appeared at said hearing with legal counsel present (except that Irita N. Lauerman was represented only in her fiduciary capacity as Executrix of the decedent's Estate and not in her capacity as an individual).

"The Court proceeded to hear and determine the matters set forth in Plaintiff's Complaint as well as such other matters related to the property of the decedent as were determined by the Court's examination. All of the named Defendants were called as witnesses by the Court to be examined pursuant to O.R.C. Section 2109.50. Counsel for Defendant Paul Destocki also said Defendant's wife, Carol Jean Hampton, to testify in this matter.

"After full hearing, and the presentation of testimony of witnesses and of documentary evidence as exhibits, the Court announced its findings and rendered its judgment, pursuant to Ohio Revised Code Section 2109.52, as follows:

"* * * *

"4. Decedent's signatures (regardless of the additional signatures of Defendant Lauerman) on said R.F. Agency, Inc., R.F. Agency & Associates, Inc. and RATF, Inc. stock certificates, in blank uncompleted form, did not constitute his execution of valid legal documents, and did not effect any legal or equitable dispossession, disclaimer, or transfer of title, by the decedent of his ownership interest in either or both of said corporations.

"5. The decedent gave Defendant Destocki no verbal or written instructions as to the delivery of any of the R.F. Agency & Associates, Inc. and RATF, Inc. stock certificates to any of the persons whose names appear thereon, whether to be made prior to, upon or after the decedent's death.

"6. Even assuming that any such delivery instructions had been given by the decedent to Defendant Destocki (but Defendant Destocki testified that no such instructions were ever given), Destocki, as custodian of said stock certificates, would have been only the decedent's agent, and not agent for any of the defendants whose names appear on said certificates. Upon the evidence adduced at the hearing, the Court finds that none of said stock certificates was 'delivered' by Defendant Destocki to any of the other five (5) defendants until September 30, 1991 (and then only photocopies of the completed typed certificates were delivered). However, even if Defendant Destocki did possess some agency authority from the decedent to make delivery of said stock certificates, such agency authority terminated upon the death of the decedent on September 18, 1991. Therefore, said September 30, 1991 'delivery' was of no legal force and effect.

"7. In order for the decedent to have made a valid inter vivos gift of all or any of the shares of R.F. Agency & Associates, Inc. and RATF, Inc. to any person, it was necessary for there to have been, in addition to a valid donative intent on the part of the decedent (if the decedent in fact did have the mental capacity to have such an intent), a physical transfer and delivery to the donees of some tangible evidence of ownership, coupled with a relinquishment by the decedent, as donor, and a transfer to and vesting in the donees, of dominion and control of the property which was the subject of the purported gift. Even if such donative intent did exist, no such transfer and delivery of evidence of ownership occurred prior to the decedent's death, and no relinquishment by the decedent of dominion and control over the business and assets of said corporations ever occurred prior to his death on September 18, 1991.

"* * * *

"Upon the foregoing findings and pursuant to the provisions of Sections 2109.52 of the Ohio Revised Code, the Court HEREBY ORDERS that:

"A. The decedent's ownership interests, held by him prior to September 11, 1991, in R.F. Agency & Associates, Inc., (formerly known as R.F. Agency, Inc.);

RATF, Inc.; a mortgage on real estate located in Ironton, Lawrence County, Ohio, owned by Georgia M. Frazier; and real estate located in Canyon Lake, Texas, are all hereby declared to be the lawful property of the decedent's Estate, and are to be accounted for by the fiduciary in accordance with law and the applicable rules of this Court.

" * * *

"D. Defendants Ronald G. Smith and Ronald J. Harkless, Sr. are both found to be guilty of having concealed or held in their possession assets of the decedent's Estate, and judgment in favor of the fiduciary is hereby rendered against each of them.

"E. Defendant Irita N. Lauerman (in her individual capacity) is found to be guilty of having concealed or held in her possession assets of the decedent's Estate, and, because of her being the fiduciary of the Estate, judgment in favor of the State of Ohio is hereby rendered against her."

On December 18, 1991, the court filed a *nunc pro tunc* judgment entry so as to include Destocki within the December 4, 1991 judgment entry. The court found Destocki guilty of having concealed or held in his possession estate assets.

## I

In their first assignment of error, appellants assert the trial court erred by conducting a summary proceeding pursuant to R.C. 2109.50 rather than a full trial. In support of their argument, appellants contend: (1) they were not afforded an opportunity to raise objections to the evidence presented or to cross-examine the witnesses; and (2) a summary proceeding is not applicable where the interpretation of security instruments is at issue. Appellee maintains that appellants were permitted to object to the evidence and were given an opportunity to cross-examine the witnesses and to present evidence.

R.C. 2109.50 provides:

"Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate or by the creditor of a person interested in such trust estate against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint. * * *

"The probate court may initiate proceedings on its own motion.

"The probate court shall forthwith proceed to hear and determine the matter.

"The examinations, including questions and answers, shall be reduced to writing, signed by the party examined, and filed in the probate court.

"If required by either party, the probate court shall swear such witnesses as may be offered by either party touching the matter of such complaint and cause the examination of every such witness, including questions and answers, to be reduced to writing, signed by the witness, and filed in the probate court."

R.C. 2109.52 provides:

"When passing on a complaint made under section 2109.50 of the Revised Code, the probate court shall determine, by the verdict of a jury if either party requires it or without if not required, whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, chattels, or choses in action of the trust estate. If such person is found guilty, the probate court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed or embezzled or may order restoration in kind. * * * In all cases, except when the person found guilty is the fiduciary, the probate court shall forthwith render judgment in favor of the fiduciary or if there is no fiduciary in this state, the probate court shall render judgment in favor of the state, against the person found guilty, for the amount of the moneys or the value of the chattels or choses in action concealed, embezzled, conveyed away, or held in possession, together with ten per cent penalty and all costs of such proceedings or complaint; except that such judgment shall be reduced to the extent of the value of any thing specifically restored or returned in kind as provided in this section.

"If the person found guilty is the fiduciary, the probate court shall forthwith render judgment in favor of the state against him for such amount or value, together with penalty and costs as provided in this section."

R.C. 2109.50 *et seq.* creates a special proceeding which enables interested parties to recover concealed, embezzled, and conveyed assets of an estate. *In re Estate of Coleman* (1988), 55 Ohio App.3d 261, 564 N.E.2d 116. The proceeding is quasi-criminal in nature. *Ukrainiec v. Batz* (1982), 24 Ohio App.3d 200, 24 OBR 323, 493 N.E.2d 1368; *In re Estate of Howard* (1947), 79 Ohio App. 203, 80 Ohio App. 80, 72 N.E.2d 502. The specific procedural requirements of R.C. 2109.50 must be followed to effect a recovery. *In re Estate of Meyer* (1989), 63 Ohio App.3d 454, 579 N.E.2d 260.

R.C. 2109.52 grants the accused the right to a jury upon request. The trier of fact must determine whether the accused is guilty. If the accused is found guilty,

the court must render judgment against the accused. Additionally, R.C. 2101.-24(C) provides that the probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by statute.

Appellant asserts the trial court's determination of the issues in the case *sub judice* pursuant to R.C. 2109.50 was erroneous. Appellant maintains a "summary proceeding" was inappropriate because "full and complete relief" could only be afforded to the parties in a "plenary action." We disagree.

In *Merce v. Duren* (Aug. 13, 1991), Franklin App. No. 91AP–346, unreported, 1991 WL 159859, the Tenth District Court of Appeals decided a case similar to the case at bar. In *Merce*, the court wrote:

"The issue before the referee was to determine whether or not the transfer of the shares of stock and proceeds derived therefrom were an *inter vivos* gift to appellant from her mother. In addressing appellant's first assignment of error, this court must determine whether or not the referee correctly applied the law in determining that appellant did not establish that the shares of stock and proceeds derived therefrom were an *inter vivos* gift and that appellant was, therefore, guilty of the concealment of assets of her mother, in violation of R.C. 2109.50.

" * * *

"A proceeding for the discovery of concealed or embezzled assets of an estate is a special statutory proceeding of a summary and inquisitorial character which is quasi criminal in nature. Its purpose is to facilitate the administration of estates by expeditiously bringing into such estates those assets which rightfully belong to the estate. *In re Estate of Fife* (1956), 164 Ohio St. 449 [58 O.O. 293, 132 N.E.2d 185]."

In *In re Estate of Fife* (1956), 164 Ohio St. 449, 58 O.O. 293, 132 N.E.2d 185, the court considered a situation similar to the case at bar. The court stated that the summary proceeding is meant to facilitate the administration of estates by summarily bringing into them those assets which rightfully belong there. In *Fife*, the court's syllabus provides in pertinent part as follows:

"1. A proceeding for the discovery of concealed or embezzled assets of an estate, instituted under Section 2109.50, Revised Code, is a special proceeding of a summary and inquisitorial character and is quasi criminal in nature.

"2. A purpose of such proceeding is to facilitate the administration of estates by summarily bringing into them those assets which rightfully belong there.

"3. In such a proceeding it is the court which cites the person suspected of having concealed or embezzled assets to appear before it to be examined on oath touching the subject matter of the complaint, and it is the court which is in

control of the examination, notwithstanding such examination may be delegated to and conducted by attorneys.

"4. Such suspected person is in reality the witness of the court, and the character and extent of his examination rest largely in the court's discretion, and, where it is apparent from the record that such discretion has not been abused, there is no basis for reversal in this respect by a reviewing court."

█ In the case *sub judice* we find no error. The court conducted the hearing pursuant to R.C. 2109.50 *et seq.* A review of the record reveals the trial court permitted appellants to cross-examine appellee's witnesses. Although the cross-examination was performed after appellee presented her entire case, the court allowed appellants complete freedom to present any witnesses of their choosing. Appellants objected to evidence and the court ruled on each objection. Additionally, appellants do not state with precision how they were prejudiced in this regard. Further, we find no request that the issues be determined by a jury. See R.C. 2109.52. The instant case is not a situation where the court adjudicated rights under a contract or the collection of a debt. See, *e.g.*, *In re Leiby* (1952), 157 Ohio St. 374, 47 O.O. 265, 105 N.E.2d 583.

Accordingly, based upon the foregoing reasons we overrule appellants' first assignment of error.

## II

In their second assignment of error, appellants assert the trial court erred by finding that Frazier did not make a valid *inter vivos* gift of his interest in the corporation to appellants. Appellants contend the evidence adduced at the trial established the delivery of the stock certificates to the intended donees.

Appellee argues the trial court correctly found the claimed *inter vivos* gift of Frazier's stock was void due to the lack of delivery. Appellee maintains no evidence exists to prove Frazier intended to make an "immediate gift" and that no actual or constructive delivery of the stock certificates occurred.

█ The elements of a valid *inter vivos* gift include: (1) an intention on the part of the donor to transfer the title and right of possession of the subject property; and (2) the delivery of the property to the donee along with relinquishment of ownership, dominion and control over it. *Bolles v. Toledo Trust Co.* (1936), 132 Ohio St. 21, 7 O.O. 60, 4 N.E.2d 917, paragraph one of the syllabus; *Merce, supra; Renee v. Sanders* (1956), 102 Ohio App. 21, 2 O.O.2d 7, 131 N.E.2d 846. Delivery may be completed through an agent of the donee even where the donee is without knowledge of the gift. *Streeper v. Myers* (1937), 132 Ohio St. 322, 8 O.O. 78, 7 N.E.2d 554, paragraph two of the syllabus. However, delivery to a third person must be accompanied by instructions to the agent as to delivery

or it does not constitute a valid delivery. *O'Brien v. O'Brien* (1925), 112 Ohio St. 202, 3 Ohio Law Abs. 187, 147 N.E. 4, paragraph two of the syllabus.

In *Fife, supra,* at paragraph six of the syllabus, the court wrote:

"In a proceeding to discover concealed assets, where the complaint is that the suspected person is in possession of certificates of corporate stock belonging to decedent's estate and it is shown that such certificates were issued to the decedent during his lifetime and stood in his name on the books of the corporation at the time of his death, a prima facie case is made for the inclusion of such certificates as assets of the estate. Such prima facie case, however, may be rebutted and overcome by clear and convincing evidence that such certificates were assigned and delivered by way of gift to the suspected person by the decedent during his lifetime."

In *Merce, supra,* the court wrote:

"In a proceeding under R.C. 2109.50, the fact that a gift was made of certain assets is a defense to a charge of concealment. See *In Matter of Estate of Raymond* (1940), 66 Ohio App. 428 [20 O.O. 385, 34 N.E.2d 821]. Once a prima facie case has been established for the inclusion of certain assets into the estate, it is incumbent upon the person suspected of concealing those assets to rebut and overcome the prima facie case by proving the essential element of a completed *inter vivos* gift. *Fife, supra* [164 Ohio St.], at 455 [58 O.O. at 297, 132 N.E.2d at 189]."

Thus, the alleged donees must establish the elements of an *inter vivos* gift by clear and convincing evidence. See, also, *Bolles, supra.*

When reviewing evidence presented at trial, an appellate court must not re-weigh the evidence. In *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 262, 376 N.E.2d 578, 579, the Ohio Supreme Court wrote:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." See, also, *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 566 N.E.2d 154; *Ross v. Ross* (1980), 64 Ohio St.2d 203, 18 O.O.3d 414, 414 N.E.2d 426.

An appellate court should not substitute its judgment for that of the trial court when there exists competent, credible evidence going to all the essential elements of the case. *In re Stackhouse* (Mar. 11, 1991), Athens App. No. 1456, unreported, 1991 WL 37940. In *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410, 461 N.E.2d 1273, 1276, the court wrote:

"The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."

Further, where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof. In *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60, the court wrote that the standard of "clear and convincing evidence" is defined as:

" * * * that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." See, also, *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118; *Bolles, supra.*

In the case *sub judice,* the trial court judge stated as follows:

" * * * the stock of this corporation has been left according to the testimony of most of the witnesses in the possession of Mr. Destocki for safekeeping and * * * *there has not been a delivery* made of those instruments and therefore [the] attempt to make an inter vivos gift * * * has not been accomplished."

After a review of the record, we find sufficient competent, credible evidence to support the trial court's conclusion that Frazier did not complete the delivery of the stock certificates. The evidence reveals Frazier did not relinquish dominion and control over the stock and that he did not give instructions to Destocki as to the delivery of the stock certificates.

Again, we note an appellate court should not substitute its judgment for that of the trial court when there exists competent, credible evidence supporting the trial court's judgment.

Accordingly, based upon the foregoing reasons we overrule appellants' second assignment of error.

*Judgment affirmed.*

STEPHENSON and PETER B. ABELE, JJ., concur.

GREY, J., concurs in part and dissents in part.

GREY, Judge, concurring in part and dissenting in part.

I concur in overruling the first assignment of error, but I dissent on the second. I would sustain that assignment of error and reverse the judgment of the trial court.

The majority perceives the issue in this case as a weight of the evidence question on which we should defer to the judgment of the trial court. I believe it is a question of law where the trial court imposed an improper, and indeed impossible, burden of proof.

The record is clear, and nobody questions the fact that Mr. Frazier intended to make a gift of his shares to his employees. Although this solely owned corporation was a substantial asset, he made no provision for it in his will. He consulted with his attorney, discussed the number of shares needed to be given for majority control, and the number of shares to be given to each person based on Frazier's evaluation of what would be proportionate. He carefully selected various amounts, ranging from two percent to fifty-three percent, to be given to the various employees. He executed the assignments and had Destocki prepare new certificates in the names of the donees in those varying amounts. He had Destocki bring the new certificates to him so he could see that it had been done, and then returned them to Destocki who was secretary of the corporation. After Frazier had done all of these things, the question facing the court becomes: Should this donor's gift be frustrated by the court's application of hypertechnical formalism?

As noted by the majority, to make a gift there must be intent followed by delivery. The requirement for delivery is obvious. It is the acid test used to distinguish real gifts from promises to make a gift, or future gifts, or testamentary gifts, etc. Delivery indicates a relinquishment of possession and control. It makes the gift irrevocable, a done deed, if you will.

As a practical matter, the requirement of delivery makes the court's task much easier. What a person intends lies entirely within his own mind, and the courts cannot be mind readers, but what a person does—his conduct—can be readily established by evidence. Therefore, to prove a gift one must prove the act of delivery.

In this case, great weight is given to the fact that there was no formal delivery. To my mind, this is imposing too great a standard on Frazier, who was a businessman, not a practicing lawyer. He executed assignments, had new certificates prepared, checked them out, and returned them to the secretary of the corporation. Appellee gives emphasis to the fact that Destocki was not instructed to deliver the certificates, but that task of delivery was administrative, one expected to be done without further instructions. Had there been any

reservation of interest, control or dominion, Destocki would have been instructed to withhold the certificates from the donees. Lack of specific instructions about delivery is not proof that delivery was not made; rather, it is proof that delivery was made and that Frazier, in his own mind, realized he no longer had control or dominion over the certificates which he had just given to his employees.

The trial court applied an impossible standard, insisting that delivery be a formalized event. The trial court held that for there to be delivery, there had to be a formal ritual, something like the old medieval livery of seisin where a clod of earth is passed to indicate transfer of dominion. I do not believe such formalism should be used today since it elevates form over substance.

This is where I disagree with the majority. It would defer to the trial court on the grounds that the evidence can be construed to find that a delivery did not take place. To my mind, there is absolutely no evidence that delivery was not accomplished, only a misconstruction of the principle of delivery and its purpose in the law of gifts.

For example, App.R. 22 says the judgments of this court shall be in the form of a journal entry signed by a judge and "filed with the clerk." But no judge files his entries with the clerk. Instead, they are given to a staff person with the full confidence the entries will be filed and the case completed. Surely no judge has to instruct his staff every time he signs an entry that it be taken to the clerk and filed. In fact, much as happened in this case, it is only when the entry is not to be immediately filed that the staff is given instructions about holding it. If, under the formalistic standard of the trial court, there was no delivery here then this court has been quite remiss over the years.

I think we are losing sight of what happened here. Mr. Frazier made a gift of his shares to his employees. Acting as the businessman that he was, he did all those acts necessary to accomplish his gift including delivery of the certificates to the corporate secretary in the names of the donees. It was his property and he had the right to do with as he willed and this court has a duty to respect his decision. We ought not use a hyper-inflated construction of the principle of delivery in the law of gifts to frustrate his decision. I would sustain assignment of error two and reverse the judgment of the trial court.

Thus, I concur in part and dissent in part.