OPINION
Appellants, Agnes Zitnik and Thomas Manos, appeal from a decision of the Mahoning County Common Pleas Court, adopting the decision of the magistrate. The magistrate's decision dismissed appellants' complaint, based upon breach of contract and remedy of replevin, for lack of requisite evidence.
Appellant Zitnik originally owned a residence located at 4091 Pleasant Valley Lane, Canfield, Ohio, which was later sold to appellees, James and Patricia Zitnik (son and daughter in-law of appellant Zitnik), for a purchase price of $150,000. (Appellant Manos, Zitnik's ex-husband, was not a party to this real estate transaction). All parties agree that the home contained numerous personal properties of appellants which were not identified within the sales agreement. According to appellant Zitnik, she and appellees had entered into an oral agreement in which her personal effects left at the premises would be retrievable subsequent to her relocation. Additionally, appellant Manos would also be able to regain his personal property.
Appellant Zitnik, who had reclaimed some personal effects, asserts that appellees barred further retrieval of such, in violation of the oral agreement. Appellants allege that the personal property still remaining at appellees' premises was left due to extenuating circumstances. Appellant Zitnik was in the process of moving into a new residence and did not require all of her personal property at such time. Appellant Manos was incarcerated and could not procure his personal effects until his release. Furthermore, appellant Manos alleges that he was never given an opportunity to pick up his personal property.
On August 29, 1997, appellants filed an action for breach of contract and remedy of replevin. Appellants' complaint was brought in response to an alleged failure on behalf of appellees to uphold the terms of an oral agreement reached between the parties, and also sought to recover the personal property allegedly being wrongfully held by appellees. Subsequently, appellants filed a motion for a declaratory judgment on October 7, 1997, a request for injunctive relief on October 24, 1997, and a request for specific performance on April 30, 1998. Appellants' motion for declaratory judgment was dismissed on October 29, 1997. The record shows that the remaining motions were never ruled upon.
On June 9, 1998, the case came before the court magistrate who determined that appellants had not met the requisite burden of proof. According to the magistrate's decision, appellants failed to establish by a preponderance of credible and persuasive evidence that appellees were in non-compliance with the oral agreement or that appellees had wrongfully retained appellants' personal property.
On June 19, 1998, appellants filed their objections to the magistrate's decision, asserting primarily that said decision was against the manifest weight of the evidence and constituted an abuse of discretion. As the trial court was unaware that appellants had filed objections to the magistrate's decision, it adopted said decision as its own on June 24, 1998. This judgment entry was later vacated on June 29, 1998, and a hearing was set on appellants' stated objections.
On August 17, 1998, in its final determination, the trial court, after further consideration of the magistrate's decision and the objections thereto, found no error of law, fact or other defect, overruled appellants' objections, and again adopted said decision as its own. Accordingly, the trial court dismissed appellants' claims. On September 9, 1998 appellants timely appealed the trial court's final determination.
In appellants' pro se brief they put forth three assignments of error for review, the first of which states:
 "THE TRIAL COURT ERRED WHEN IT REACHED THE DECISION THAT APPELLANTS FAILED TO PROVE THEIR CAUSE OF ACTION AND WAS [sic] AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellants contend that the evidence fully supports their claim of a breach of contract by appellees. Appellants allege that an oral agreement was entered into by the parties which was separate from the purchase agreement for the real estate. This oral agreement concerned appellants' personal property left at the premises. Appellants maintain that the personal items of appellant Zitnik were not included as part of the purchase agreement between the parties, but were to be a gift contingent upon the fulfillment of three conditions, namely (1) that the mother, appellant Zitnik, be permitted to visit; (2) that appellant Zitnik also be permitted from time to time, to take various items to complete her new home; and (3) that certain furnishings, by divorce decree, were to be the property of appellant Manos.
Appellants assert that the contract was breached by appellees by non-compliance with the three stated conditions. Appellants maintain that visitation to the residence was not permitted, nor were appellants able to return and collect additional personal items left at the premises. Appellants further contend that appellant Manos was not permitted to retrieve his personal items but, rather, was only afforded the receipt of items chosen by appellees.
Conversely, appellees argue that appellants' claim for breach of contract is not supported by the necessary preponderance of the evidence. Appellees concede that some of the disputed personal property of both appellants is located within the residence, and acknowledge that they did not pay for the personal property left at the residence. However, appellees contend that such property has either been abandoned or been given as a gift.
Appellees claim that when appellants sold them the property, the remaining personal effects not taken at the time of appellants' relocation were to be left to appellees as a gift. In addition, appellees also claim that the personal property of appellant Manos was set aside to be retrieved by him after his release from incarceration. Appellees maintain that appellants have been contacted on numerous occasions to pick up their personal property, but have refused to do so. Further, appellees aver that appellants have failed to establish by clear and convincing evidence that they could sustain an action in replevin.
We turn now to the question of whether the trial court's decision was against the manifest weight of the evidence. Judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence. Gerijo, Inc. v.Fairfield (1994), 70 Ohio St.3d 223, at 226. Reviewing, courts must oblige every reasonable presumption in favor of the lower court's judgment and finding of facts. Id. (citing Seasons CoalCo., Inc. v. Cleveland [1984], 10 Ohio St.3d 77). In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. Gerijo, supra. In addition, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
In the present case the magistrate determined that appellees complied with the terms of the oral agreement and that appellants were afforded ample time and opportunity to retrieve their property. In contrast, appellants argue that they were denied ample time and access to their personal property.
A contract is a promise or a set of promises, the breach of which the law provides a remedy, or the performance of which the law in some way recognizes a duty. Cleveland Builders Supply Co.v. Farmers Ins. (1995), 102 Ohio App.3d 708, 712. "If a contract is silent as to the time for performance by the parties, the law implies that such performance take place within a reasonable time." 155 N. High Ltd. v. Cincinnati Ins. Co. (1991), 75 Ohio App.3d 253,258.
In the present case the record reflects that an oral agreement existed between the parties. This agreement was separate and apart from the purchase agreement for the real property, and pertained to appellants' personal property within the residence. Neither the purchase agreement nor any other writing made reference to any personal property or the disposition thereof except fixtures, blinds, awnings, etc., as set forth in Item 3 of the agreement.
Initially, appellees agreed to purchase appellants' home on the condition that appellant Zitnik would leave the majority of her personal property, such as furniture and household goods, at the premises. Appellant Zitnik stated she would take what was needed to furnish her new home and leave her remaining personal items to appellees.
The oral agreement reached by appellants and appellees was that upon appellant Zitnik's vacation of the premises her personal property left behind would revert to appellees in the form of a gift. The elements of a valid inter vivos gift include: (1) an intention on the part of the donor to transfer the title and right of possession of the subject property; and (2) the delivery of the property to the donee along with relinquishment of ownership, dominion and control over it.Lauerman v. Destocki (1993), 87 Ohio App.3d 657, 665. The donee has the burden of showing by clear and convincing evidence that the donor made an inter vivos gift. Helton v. Helton (1996),114 Ohio App.3d 683, 686.
In February 1996, appellant Zitnik relocated to her new residence. At that time appellant Zitnik took numerous personal items to furnish her new residence, as per the agreement. Subsequently, appellants made several requests for additional items from appellees, which were fulfilled. Appellant Zitnik even took some items, only to return them at a later date. Moreover, the personal items of appellant Manos were set aside by appellees awaiting their retrieval.
The record demonstrates that appellees performed their part of the oral agreement. Appellant Zitnik was free to and did partake in removing all personal items needed to furnish her new residence. Appellant Zitnik even returned some of these items to appellees as items she did not want. It is apparent from appellant Zitnik' s actions that she demonstrated an intent to transfer the right of possession to her remaining personal items, and that she relinquished dominion and control of them. See Lauerman, supra. Appellant Zitnik cannot at this point claim ownership to all the remaining items left at appellees' residence. Appellant Zitnik agreed to take only what was necessary to furnish her new residence, not to remove all of her personal property remaining at the premises. Accordingly, the magistrate found that the furniture and household goods and effects that appellant Zitnik did not take from appellees' residence and the items she took and later returned, all of which she now claims as her property, were the exclusive property of appellees by way of a gift.
The magistrate further ascertained that the oral agreement was silent as to the time frame for the acquisition and retrieval of appellant Zitnik's property. Appellant Zitnik's claim that she should be permitted to re-enter said premises at any time she chose and retrieve whatever personal items she so desired was found to be unreasonable by the magistrate. Rather, the magistrate correctly determined that the law implies such performance should take place within a reasonable time. See 155N. High Ltd., supra.
Also included in the agreement were the personal items belonging to appellant Manos, which were to be returned to him upon request. Concerning appellant Manos' property, the magistrate determined that Manos had abandoned his personal property.
Abandonment requires affirmative proof of an intent to abandon coupled with acts or omissions implementing the intent. Davis v. Suggs (1983), 10 Ohio App.3d 50, 52. The magistrate determined that, "by repeatedly refusing to accept his belongings he [appellant Manos] has waived his right to them and, in effect has abandoned them. When one claims ownership of property but refuses to take it when it is offered to him, he has in fact surrendered and lost his right to it." (Magistrate's Decision filed June 9, 1998, 3). The magistrate also concluded that appellant Manos' response to the situation by repeatedly refusing to retrieve his belongings and filing the motion for specific performance, conveyed his intent and position to be "all or nothing"; he was not interested in a partial settlement. Id. at 4.
As part of the original purchase and sale agreement between the parties, appellees orally agreed that appellant Manos would be able to regain his personal property which still remained on their premises. Appellees acknowledge that some of the disputed personal property in this case was located within their residence and that they did not provide payment to either appellant for such property. Appellees were also aware of the fact that appellant Manos was incarcerated and claimed that with regard to his personal property, same would be set aside until such time as he was released and would be able to retrieve it. However, appellees thereafter argued that the personal property of appellant Manos had been abandoned by him and thereby became their own personal property, not subject to replevin.
Appellees failed to establish that appellant Manos abandoned his personal property. The record is devoid of affirmative proof of an intent to abandon and fails to show acts or omissions demonstrating such an intent. Davis, supra. Thus, the magistrate improperly reached the conclusion that such personal property was, in fact, abandoned.
The record reflects that appellant Manos was incarcerated in a penal institution, during which time he was physically unable to retrieve his personal property in question. Following his release from incarceration, he requested the opportunity to pick up his personal property and provided appellees with a list of items belonging to him. Appellees disputed that some of the items on appellant Manos' list were rightfully his. In fact, appellees later admitted that they were unaware, at the time, that appellant Manos was entitled to receive various items of furniture, which they contested, by virtue of his divorce decree with appellant Zitnik. Additionally, appellees did not advise appellant Manos of the specific items which they had set aside for him, in order to enable him to determine what items he would be able to retrieve. Ultimately, various items identified by appellant Manos as his personal property were disputed by appellees.
Finally, appellant Manos provided evidence to indicate that the reason he did not pick up any of his personal property from appellees during the period of dispute, was because he believed that to pick up any of the contested property from appellees' premises prior to final judgment in this case would have constituted a partial settlement of the issues in question and would thereby resolve contested issues to his detriment. Whether or not this was a reasonable assumption is of no consequence, as it provided the magistrate with evidence that it was clearly not appellant Manos's intent to abandon his personal property. Therefore, the magistrate did not have before him sufficient evidence going to all the material elements of the case from which to make a determination that the property had been abandoned. As such, the trial court's decision with respect to appellant Manos was against the manifest weight of the evidence.
As a result, the decision of the trial court as to appellant Manos is reversed and remanded for further proceedings in order to determine what personal property in question belonged to appellant Manos. In contrast, there was competent, credible evidence to support the trial court's decision regarding appellant Zitnik. Seasons Coal, supra. Accordingly, the trial court's decision regarding appellant Zitnik was not against the manifest weight of the evidence.
Appellants' first assignment of error is found to be without merit regarding appellant Zitnik and is found to be with merit regarding appellant Manos.
Appellants' second and third assignments of error state:
"THE TRIAL COURT ERRED BY AN ABUSE OF DISCRETION."
 "THE TRIAL COURT ERRED BY DEMONSTRATING BIAS AND PREJUDICE DIRECTED TOWARD THE APPELLANTS."
Because they are related, appellants' second and third assignments of error have been incorporated and addressed together. As was stated previously, appellant Manos' property is still in dispute and the trial court's decision with respect thereto is against the manifest weight of the evidence. Therefore these assignments of error, as they pertain to appellant Manos, are rendered moot pursuant to App.R. 12 (C).
Abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Tracy v. Merrell-DowPharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152.
As the Supreme Court of Ohio has previously stated:
 "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254 (Internal citations omitted.)
Appellees contend that neither the magistrate nor the trial court acted in an unreasonable, arbitrary, or an unconscionable manner with regard to the decision. Appellees maintain that appellants, who were represented by counsel, were given a full and fair opportunity to present their case, but failed to provide the requisite evidence needed to sustain an action for breach of contract or replevin.
Conversely, appellant Zitnik argues that both the magistrate and the trial court abused their discretion by either overlooking or disregarding key pieces of evidence. Appellant Zitnik specifically refers to a registered letter sent to her by appellees on August 26, 1997. According to appellant Zitnik, the letter illustrates appellees' admission that certain disputed items still remained in their possession, and evidenced their willingness to allow her to retrieve such items. Moreover, appellant Zitnik contends that the magistrate failed to consider a fire, which occurred in her new residence in June of 1996, as a mitigating factor when determining a reasonable time frame within which she was to retrieve her property.
Appellant Zitnik also contends that the magistrate erred in concluding that she had recovered all items requested, when in fact, her request for certain items went unfulfilled. Finally, appellant Zitnik avers that the trial court failed in its duty to thoroughly review the record along with her filed objections when it adopted the magistrate's decision. According to appellant Zitnik, the trial court simply "rubber-stamped" the magistrate's order.
The record illustrates that the magistrate had before him sufficient evidence upon which to base his decision regarding appellant Zitnik. The magistrate had at his disposal all the necessary documentary and testimonial evidence, inclusive of appellees' registered letter and appellant Zitnik's testimony concerning the fire, from which to make his determination. The trial court had before it the same documentary and testimonial evidence, in addition to appellants' filed objections. There is nothing to suggest the trial court did not review this evidence prior to the adoption of the magistrate's decision.
Furthermore, the magistrate was in the best position to determine the weight of the evidence and the credibility of the witnesses. Seasons Coal, supra. Appellant Zitnik has failed to support her argument under these assignments of error, and the record fails to demonstrate that either the magistrate's or the trial court's conduct rose to a level that would constitute an abuse of discretion. In the absence of unconscionable, arbitrary, or unreasonable conduct by either the magistrate or the trial court, this court will not substitute its judgment for that of either.
Appellants' second and third assignments of error as they relate to appellant Zitnik are without merit.
With respect to appellant Manos the decision of the trial court is reversed and remanded for further proceedings consistent with this opinion. The trial court's decision as it relates to appellant Zitnik is hereby affirmed.
Cox, J., concurs.
Waite, J., concurs.
APPROVED:
 ___________________________________ Gene Donofrio Judge