DECISION AND JOURNAL ENTRY
Appellant Max Schubel has moved this Court to reconsider its decision, which was journalized on May 10, 2000. In that decision, this Court affirmed the judgment of the Lorain County Common Pleas Court. Specifically, this Court held that because Appellant failed to submit a transcript of the proceedings which was produced by an official court reporter, the transcript could not be considered. Schubel v. Rinehart (May 10, 2000), Lorain App. No. 98CA007265, unreported, at 3. As a consequence, this Court's review was limited to the exhibits contained in the record and the judgment entry of the trial court. Id. Because the resolution of Appellant's claims required review of the transcript, this Court had no choice but to presume regularity of the proceedings below and affirm. Id. at 4. Appellee Jennifer Rinehart has not responded to the motion for reconsideration.
 I.
In determining whether to grant a motion for reconsideration, a court of appeals must review the motion to see if it calls to the attention of the court an obvious error in its decision or if it raises an issue that was either not considered at all or was not fully considered by the Court when it should have been.Garfield Hts. City School Dist. v. State Bd. of Edn. (1992),85 Ohio App.3d 117, 127. Appellant has argued that this Court incorrectly determined that the transcript was not prepared by an official court reporter. Appellant has claimed that Cathlene Acierto, the court reporter who transcribed the transcript, was, at the time of trial and production, the official court reporter. To substantiate his claim, Appellant has submitted Ms. Acierto's affidavit, wherein she averred that she had been appointed the official court reporter during February, 1998, pursuant to R.C.2301.18, and that she still maintained that position on January 19, 1999. Appellant also submitted a letter from Ms. Acierto to counsel for the Appellant, which clearly indicates that she was and remains the "Official Court Reporter." In light of the foregoing, Appellant's motion for reconsideration is granted. This Court now turns to the merits of the underlying appeal.
 II.
Appellant was the owner of a certificate of deposit at Pawlings Savings Bank, in Allenville, New York. During 1988, the certificate was amended to include Appellee as a "joint holder." Each party had also listed the other as "joint account holder" on various other bank accounts. Appellant had even conveyed to Appellee an interest in real estate which he owned. On March 4, 1991, $13,000 was withdrawn from the joint account at Pawlings Savings Bank and, with Appellant's consent, was transferred to Appellee. At that time, Appellant and Appellee were romantically involved and living together. No written agreement, note or other writing was executed, and no oral agreement with regard to the money was made. Appellee, in turn, used that sum as part of a down payment for a house located in Oberlin, Ohio. After the purchase, Appellant resided in Appellee's house during the winter months and even conducted his business there. During 1992, however, the relationship began to deteriorate. Subsequently, Appellant requested repayment of the funds, and letters with regard to such were exchanged. Nevertheless, the money was not returned.
On September 8, 1997, Appellant filed a complaint in the Lorain County Common Pleas Court, seeking to recover the sum of $13,000 from Appellee. Appellant alleged that the funds were transferred to Appellee as a loan in 1991 and that she had not repaid the loan. After a bench trial, the trial court entered its findings of fact and conclusions of law and determined that, at the time the money was provided to Appellee, there was no intent that such would be a loan. Instead, the trial court held that, after being removed from the account, the money became a gift from Appellant to Appellee. The subsequent written correspondence, in which Appellee offered repayment, were deemed to be without consideration. Appellant timely appealed, asserting one assignment of error.
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT THE MONIES TRANSFERRED TO [APPELLEE] WERE INTENDED TO BE A GIFT.
 The essential elements of an inter vivos gift include: (1) intent of the donor to make an immediate gift; (2) delivery of the property to the donee; and (3) acceptance of the gift by the donee. Lauerman v. Destocki (1993), 87 Ohio App.3d 657, 665. "An inter vivos gift is an immediate, voluntary, gratuitous and irrevocable transfer of property by a competent donor to another." Smith v. Shafer (1993), 89 Ohio App.3d 181, 183. At the trial court level, "[t]he burden of showing that an inter vivos gift was made is on the donee by clear and convincing evidence." Id., citing In re Estate of Fife (1956), 164 Ohio St. 449, 456. On appeal, "where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof." Lauerman, 87 Ohio App.3d at 667.[1]
Appellant has argued that evidence presented to the trial court was insufficient to support a finding that Appellee had proven, by clear and convincing evidence, that the money was intended to be a gift. Specifically, he has claimed that Appellee's correspondence to him during 1992 and 1993 demonstrated that the two had an understanding that the money was a loan. Appellee's letter, dated July 10, 1992, referred to an "original plan" which involved repayment. Her letters, dated July 8 and 10, 1993, make reference to a "payback plan" and to an appointment with an attorney to establish such a scheme. Appellant has also pointed to Appellee's testimony in which she conceded that she recalled a writing wherein she had credited $100 against the $13,000.[2] Indeed, Appellant has maintained that the record is void of any evidence that Appellee ever denied that the funds were truly a loan. Finally, Appellant has directed this Court's attention to his own testimony in which he stated that he never intended the money to be a gift.
In response, Appellee has pointed to Appellant's testimony in which he conceded that, at the time of the transfer: (1) there was nothing signed indicating that the transfer was a loan or that interest would be charged; (2) no repayment schedule was ever discussed; and (3) no minimum payment was ever discussed. Appellee has argued that, because no reference to the money was ever made until the relationship began to deteriorate, the intent at the time of the transfer was to convey a gift. Finally, she has argued that her testimony, in which she stated that her letters were written in an attempt to save the relationship and that Appellant had previously transferred real estate to her without restrictions, provided the trial court with sufficient evidence to reach its ultimate decision.
After reviewing the record, this Court agrees with Appellee and, therefore, concludes that the trial court had sufficient evidence upon which to conclude that Appellant intended the money to be a gift to Appellee at the time of the transfer. This Court will not second guess a trial court's determination of the witnesses' veracity and the reliability of evidence. See SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Appellant's assignment of error is without merit.
 III.
Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _____________________________ BETH WHITMORE
FOR THE COURT BATCHELDER, P.J.
BAIRD, CONCUR.
[1] The parties have limited their arguments to Appellant's intent and do not dispute delivery or acceptance. Thus, the only issue becomes whether the trial court had sufficient evidence to conclude that Appellant intended the money to be a gift on March 14, 1991.
[2] This writing or any similar to it are not part of the record.