OPINION
Plaintiff-appellant Charles Hippely appeals the decision of the Columbiana County Common Pleas Court, Domestic Relations Division, dividing the property in his divorce action. This case deals with the division of the real estate. There are three lots of land. Lot one is where the house is located. Lot two is where the salvage yard is located. Lot three is also another part of the salvage yard. Lots one and two were acquired by Charles prior to marriage. Lot three was acquired during the marriage and is not of concern for this appeal. Charles claims lots one and two are his separate and sole property. The trial court held that all real estate owned was marital property and therefore divided it equally. We are asked to determine whether conveying property in a Joint and Survivorship Deed to both the husband and wife invalidates a provision of a valid prenuptial agreement that states that the real estate is the sole and separate property of the husband. For the following reasons, the decision of the trial court is hereby affirmed.
 FACTS
Defendant-appellee Patricia Hippely and Charles were married July 23, 1983. Two days prior to marriage, a prenuptial agreement was executed. The prenuptial agreement stated that the real estate on which the house and the salvage yard are located is the sole and separate property of Charles, and Patricia disclaims any and all rights to the land. However, the prenuptial agreement also contained a provision that Patricia's interest in the land could be changed by a subsequent instrument executed by Charles. On January 30, 1987, Charles and Patricia executed a Joint and Survivorship Deed conveying lots one and two to himself and Patricia.
Charles filed for divorce on December 23, 1999. Patricia counterclaimed for divorce. The trial court granted a divorce to Patricia based on gross neglect of duty and extreme cruelty. The trial court found that the prenuptial agreement was valid. However, the trial court held that the prenuptial agreement was altered by a subsequent instrument, the Joint and Survivorship Deed. The trial court found that the ½ interest in the real estate was a gift from Charles to Patricia. Therefore, the real estate was marital property, not separate property. Charles timely appeals the trial court's decision.
 ASSIGNMENT OF ERROR
Charles raises one assignment of error, which contends:
 "THE TRIAL COURT ERRED IN CONCLUDING THAT THE REAL ESTATE OF THE PARTIES WAS NOT THE SEPARATE PROPERTY OF THE APPELLANT, AS APPELLANT ESTABLISHED THIS FACT BY CLEAR AND CONVINCING EVIDENCE."
An appellate court reviews a trial court's determination of property division under a manifest weight of the evidence standard. Martin v.Martin (1985), 18 Ohio St.3d 292. A judgment of a trial court will not be reversed as being against the manifest weight of the evidence if the court's judgment is supported by some competent, credible evidence. C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. This standard of review is highly deferential and even "some" evidence is sufficient to sustain the judgment and prevent a reversal. Barkley v.Barkley (1997), 119 Ohio App.3d 155, 159. However, the trial court's decisions are unreasonable if no sound reasoning process exists to support that decision. AAAA Ent., Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157. A reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony. In re Jane DoeI (1990), 57 Ohio St.3d 135; Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77.
Charles argues that there is clear and convincing evidence that his intent in conveying the property to himself and Patricia in a Joint and Survivorship Deed was not for the purpose of altering the prenuptial agreement, but was rather to provide for Patricia in case of his death and to avoid probate costs. Patricia argues that Charles intended to make this a gift. She claims his intent is evidenced by his desire to avoid probate and his desire to take care of her.
When a trial court grants a divorce, the court must determine what constitutes the parties' marital property and what constitutes their separate property. R.C. 3105.171(B). Separate property is defined in R.C. 3105.171(A)(6)(a) as:
"`Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
"* * *
(v) Any real or personal property or interest in real or personal property that is excluded by a valid antenuptial agreement; * * *."
The valid prenuptial agreement provided that the real estate was the separate and sole property of Charles and therefore falls under R.C.3105.171(A)(6)(a)(v). However, the trial court found that the real estate provision was altered by a subsequent instrument executed by Charles. The trial court stated the following:
"The Court finds that the Prenuptial Agreement was amended by `subsequent instrument' which this Court finds was a gift, from the Husband to the Wife, evidenced by a Joint and Survivorship Deed executed on or about January 30, 1987."
The elements of a gift are: 1) intent of the donor to make an immediate gift; 2) delivery of the property to the donee; and 3) acceptance of the gift by the donee. Lauerman v. Destocki (1993), 87 Ohio App.3d 657, 665, citing Bolles v. Toledo Trust Co. (1936), 132 Ohio St. 21. When a court is asked to determine whether real property acquired prior to marriage was converted to marital property by one spouse granting another interest in the real property, the key issue is donative intent. Sweeney v.Sweeney (June 21, 2000), 9th Dist. No. 19709, citing Helton v. Helton
(1996), 114 Ohio App.3d 683, 685; Moore v. Moore (1992), 83 Ohio App.3d 75,78. Donative intent is established if a donor intends to transfer a present possessory interest in an asset. Dever v. Dever (July 12, 1999), 12th Dist. No. CA98-07-050. Regarding gifts between spouses, the donee has the burden of showing by clear and convincing evidence that the donor made the intervivos gift with the intention of waiving all rights and interest he/she may have had in the gift items as martial property. Smithv. Shafer (1993), 89 Ohio App.3d 181, 183, citing In re Fife's Estate
(1956), 164 Ohio St. 449, 456; Focke v. Focke (1992), 83 Ohio App.3d 552.
The trial court held that Patricia proved by clear and convincing evidence that it was Charles' intention to give her ½ interest in the real estate. The trial court stated that this intention is evidenced by the Joint and Survivorship Deed. Numerous appellate districts in Ohio have recognized that separate real property can be transformed by the grantor spouse into marital property by a gratuitous transfer to the grantee spouse of a present interest in the property. Helton,114 Ohio App.3d 683, 686, citing Gills v. Gills (Dec. 23, 1994), 11th Dist. Nos. 93-L-191, 93-L-194; Domrose v. Domrose (Sept. 16, 1994), 6th Dist. No. 93-OT-054; Anderson v. Anderson (July 7, 1992), 4th Dist. No. 91CA1; Moore, 83 Ohio App.3d at 78, (9th Dist.).
In the Joint and Survivorship Deed, both Charles and Patricia transferred their respective interest in the property to each other. R.C., 3105.171(H) states:
"Except as otherwise provided in this section, the holding of title to property by one spouse individually or by both spouses in a form of co-ownership does not determine whether the property is marital property or separate property."
This statute essentially embraces a flexible totality-of-the-circumstances test to determine whether transmutation of the separate property has occurred. Barkley, 119 Ohio App.3d at 161;Anderson, 4th Dist. No. 91CA1. A steadfast rule resulting in a gift to one spouse every time property is titled jointly encourages married couples to isolate separate property in contemplation of divorce.Helton, 114 Ohio App.3d at 686. Therefore, the execution of a deed is not conclusive evidence that the property is marital property, but it may be considered on the issue of whether the property is marital or separate.McFarland v. McFarland (Sept. 19, 1994), 5th Dist. No. 94-CA-12;Barkley, 119 Ohio App.3d at 161 (stating that the transfer of title is relevant but not conclusive evidence of intent).
Including the deed and other competent, credible evidence, Patricia established by clear and convincing evidence that Charles intended to give her a ½ interest in the real estate. The prenuptial agreement contained a provision that Patricia's interest in the land could be changed by subsequent instrument executed by Charles. Execution of the Joint and Survivorship Deed did precisely this; it granted Patricia a ½ interest in the real estate.
Furthermore, testimony at trial indicated that it was Charles' intent to give Patricia ½ interest in the real estate. Charles testified that he put Patricia's name on the deed just in case something happened to him. (Tr. 139). He stated that he wanted to provide her with a security blanket. (Tr. 89). He also stated that he put her on the deed to save on probate costs if anything happened to him. (Tr. 139). Patricia testified that after Charles executed the deed, he told her she would not have to worry about the prenuptial agreement. (Tr. 233). Additionally the Statement of Reason For Exemption from Real Property Conveyance Fee (a form used by the State Auditor to determine tax on property conveyances) states that the conveyance of the real estate in a Joint and Survivorship Deed to Charles and Patricia was not subject to a conveyance fee because it was a gift. All of these statements and the execution of the deed manifest his intent for the deed to be a gift. However, the probate statement is the strongest indicator of this intent.
The statement that he wanted to save on probate costs proves that it was his intent to make the interest in the real estate a gift. The Second District Court of Appeals has stated that the statement about saving on probate costs demonstrates that the transaction was entered into to accomplish a specific objective, avoidance of expense that would otherwise accompany the death of Charles. Wolf v. Wolf (Sept. 27, 1996), 2nd Dist. No. 96CA10. This benefit could not be achieved without Charles giving Patricia a present interest in the property. Id. Therefore, the statement proves that it was Charles' intent to give Patricia an interest in the real estate.
However, Charles insisted that the deed did not give her ½ of the property. (Tr. 82). He states that he had been through two previous divorces and that is why he had the prenuptial; he wanted to protect his property. (Tr. 82). He stated that if he thought the deed gave her ½ of the property, he would not have executed it. (Tr. 89). He further states that the conveyance fee paper was executed by their attorney, not by him. (Tr. 143). Regardless of his statements, the trial court did not abuse its discretion. Competent credible evidence existed to prove that it was Charles' intent to give Patricia a present possessory interest in the real estate.
For the forgoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., and Waite, J., concur.