JOURNAL ENTRY {¶ 1} Appellant has moved this Court to reconsider our decision and journal entry, which was journalized on July 28, 2004, and which affirmed the Medina County Court of Common Pleas' denial of Appellant's post-decision motion. Appellee has responded to the motion, and included a request for attorney's fees based on frivolous conduct. We grant the motion for reconsideration, confirm our prior decision, and deny the request for attorney's fees.
 {¶ 2} In determining whether to grant a motion for reconsideration, a court of appeals must review the motion to see if it calls to the attention of the court an obvious error in its decision or if it raises issues not considered properly by the court. Garfield Hts. City School Dist. v. State Bd. of Edn.
(1992), 85 Ohio App.3d 117. Appellant argued three reasons for reconsideration.
 {¶ 3} First, Appellant seeks reconsideration because he made a "typographical error" in his brief. This reason is based on an error committed by Appellant, not this Court, and is not a proper basis for reconsideration. Therefore, this argument is without merit.
 {¶ 4} Second, Appellant argues that in his motion to the trial court he sought relief under Civ.R. 60(A), rather than Civ.R. 60(B), despite his admission that "appellant did not cite Rule 60(A) in his motion for relief." Upon reviewing the record, we note the absence of a reference to Civ.R. 60(A) or 60(B), while our decision and journal entry explicitly addresses only Civ.R. 60(B). Therefore, we conclude that this Court failed to fully consider the issue, at least insofar as Appellant has argued herein: that failure of service is a clerical error warranting relief under Civ.R. 60(A). On this basis, we grant Appellant's motion for reconsideration.
 {¶ 5} Appellant has renewed his protest that the trial court failed to serve him with its September 24, 2002 order, alleging that such a clerical error warrants relief under Civ.R. 60(A). In our July 28, 2004 decision and journal entry we addressed only Civ.R. 60(B) and, furthermore, found that Appellant could not demonstrate that he was prejudiced where he clearly had actual notice of the order. We find that Appellant's argument under Civ.R. 60(A) is subject to the same infirmity.
 {¶ 6} Civ.R. 60(A) provides that the trial court "may" correct errors or omissions in judgments, orders or other parts of the record. The use of the term "may" generally connotes discretion. See, Dorrian v. Scioto Conservancy Dist. (1971),27 Ohio St.2d 102, paragraph one of the syllabus. Moreover, Civ.R. 61 provides:
[N]o error or defect * * * in anything done or omitted by the court or by any of the parties is ground for * * * disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect which does not affect the substantial rights of the parties.
 {¶ 7} We find that the trial court did not abuse its discretion in denying the motion. Appellant's May 2, 2003 motion expressly stated: "This application is filed within one day of the service to the appellant of this Court's ruling." Based on this admission and other statements in the motion demonstrating that Appellant had received the journal entry, the trial court could have concluded that the "error" about which Appellant complained had been remedied and that Appellant was not prejudiced by the delayed receipt of the entry. Once the entry was received, Appellant could have appealed. Instead, Appellant filed his May 2, 2003 motion for relief from judgment/motion for reconsideration; therefore, Appellant did not demonstrate that his delayed receipt of the entry affected his substantial rights.
 {¶ 8} As his third argument, Appellant asserts that the September 24, 2002 judgment entry was not a final, appealable order, and that Appellant was not obligated to file his notice of appeal until after the trial court's August 12, 2003 judgment entry because he was not "served" with the original judgment. To the extent that this Court indicated in our prior decision that Appellant was not prejudiced by the denial of the motion because he had "actual notice" of the judgment, we note that, in theinstant case, the distinction between actual notice and service is immaterial to our disposition.[1]
 {¶ 9} Appellant's inability to appeal the original judgment resulted not from any trial court error, but from his own failure to follow the proper procedures, either in appealing from the judgment after it was received or in prosecuting this appeal after entry of the order denying Appellant's post-judgment motion. Originally, this Court dismissed appellant's appeal as untimely, stating:
"Appellant has failed to provide this Court with certified copies of the trial court's docket demonstrating an absence of service. See Loc.R. 1.2. Additionally, the order setting forth the court's decision was entered on September 24, 2002. The appeal is untimely. See App.R. 4(A)."
Appellant responded by urging that he was not appealing the September 24, 2002 decision, but only the August 11, 2003 judgment entry, which denied his motion for relief from judgment. This Court reconsidered the dismissal and reinstated the appeal on that basis. Therefore, appellant's appeal was limited to the denial of his motion for relief from judgment due to Appellant's own error in not complying with this Court's local rules.
 {¶ 10} Based on the foregoing analysis, we find Appellant's substantive argument on reconsideration to be without merit. Therefore, while Appellant's motion for reconsideration is granted, our July 28, 2004 decision and journal entry is hereby confirmed.
 {¶ 11} In response to Appellant's motion, Appellee has requested this court to find Appellant's motion frivolous and award attorney's fees. Appellee has responded to the motion. Appellee's motion is denied.
[1] We do not decide that actual notice triggers the time for filing an appeal. See App.R. 4(A) (time tolled for filing an appeal until the judgment is served where the parties are not served with the judgment within three days of its journalization).