DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant has appealed the decision of the Medina County Court of Court of Common Pleas, Domestic Relations Division, that adopted the magistrate's decision and denied his seven branch post judgment motion. This Court affirms.
 I {¶ 2} Defendant-Appellant Joseph Gerycz ("Father") and Plaintiff-Appellee Susan Gerycz ("Mother") were married on March 6, 1982. Four children were born as issue of the marriage, to wit Joseph, Ashley, Jason and Joshua. Mother and Father were divorced on October 4, 2001. Pursuant to the terms of a shared parenting plan, which was incorporated into the judgment of divorce, Ashley and Joshua were to reside with Mother and Joshua was to reside with Father. Joseph was emancipated at the time of the divorce. Father was ordered to pay Mother $197 per month per child in child support.
 {¶ 3} On May 15, 2002, Father filed a motion for relief from judgment of the trial court's child support award determination as reflected in the judgment of divorce. In the alternative, Father moved to modify his child support obligation because his minor children had begun to receive social security disability payments due to Father's disability ("disability payments"). Father argued that as a result of the disability payments, he was entitled to an offset of his child support obligation. Relying on a "Child Support Computation Worksheet" ("worksheet"), on October 24, 2002 the trial court ruled that Father was entitled to a modification of child support because of the disability payments. On November 26, 2002, Father appealed the trial court's October 24, 2002 decision that modified his child support obligation. By journal entry dated December 13, 2002, we dismissed the appeal as untimely.
 {¶ 4} On October 23, 2003, Father filed a seven branch post judgment motion wherein he requested relief from judgment of the trial court's October 24, 2002 decision pursuant to Civ.R. 60(A) and Civ.R. 60(B). On November 25, 2003, a hearing on Father's seven branch post judgment motion was held before a magistrate. On November 26, 2003 the magistrate concluded that Father's seven branch motion should be denied. On December 10, 2003, Father filed a motion wherein he requested an extension of time in which to file objections to the magistrate's decision. On December 15, 2003, the trial court adopted the magistrate's decision and denied Father's October 23, 2003 seven branch motion stating that "no objections have been filed." Having already adopted the magistrate's decision, on December 22, 2003, the trial court denied Father's motion for an extension of time in which to file objections to the magistrate's decision.
 {¶ 5} Father has timely appealed the trial court's December 15, 2003 decision denying his motion for relief from judgment of the trial court's October 24, 2002 decision. Father has asserted three assignments of error. We have consolidated two of his assignments of error for ease of analysis.
 II Assignment of Error Number One
"The trial court erred as a matter of law."
 {¶ 6} In his first assignment of error, Father has argued that the trial court erred as a matter of law when it denied his motion for relief from judgment pursuant to Civ.R. 60(A) and Civ.R. 60(B). Specifically, Father has argued that the trial court's refusal to correct a clerical error on line 22(e) of the worksheet constituted an error as a matter of law. We disagree.
 {¶ 7} "The issue to be decided on an appeal from a denial of a Civ.R. 60 motion for relief from judgment is whether the trial court abused its discretionary authority provided by the rule."In re Karasek (1997), 119 Ohio App.3d 615, 630, quoting Moorev. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 66. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} Civ.R. 60(A) states, in pertinent part, that:
"Clerical mistakes in judgment, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders."
 {¶ 9} As an initial matter, this Court notes Father did articulate in the "Statement of Facts" section of his appellate brief why he believes that $3,156, the figure on line 22(e) of the worksheet, constituted the clerical error of which he now complains. However, in the argument section of his appellate brief, he failed to include any arguments or reasoning in support of this contention. We feel compelled to point out that, pursuant to App.R. 16(A)(7), an appellant's brief must include "an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasonsin support of the contentions, with citations to theauthorities, statutes, and parts of the record on which appellantrelies." (Emphasis added.)
 {¶ 10} Even though Father's appellate brief does not comport with App.R. 16(A)(7), based on his "Statement of the Facts," we are convinced that Father has attempted to argue to this Court that line 22(e) of the worksheet constituted a clerical error because $3,156 was placed in Mother's column of the worksheet instead of Father's column of the worksheet. We are further convinced that Father attempted to argue that the clerical error would, in theory at least, result in a credit of $3,156 towards Mother's child support obligation rather than towards Father's child support obligation. In response, Mother has argued that even though $3,156 was incorrectly placed in her column of the worksheet, the trial court's decision compensated for the error because the matter of child support was decided as if $3,156 had been placed in Father's column of the worksheet.
 {¶ 11} Our review of the worksheet reveals that Father's assertion is correct; the figure of $3,156 reflecting the annual social security disability payments paid to one child as a result of Father's disability was placed in Mother's column of the worksheet in error. Relevant to line 22(e), in its October 24, 2002 judgment entry, the trial court stated that Father "received social security disability benefits for one child in the amount of $263 per month" for an annualized total of $3,156. The trial court went on to give Father credit for the $3,156 in disability payments when it computed Father's child support obligation. Thus it is clear that even though the annualized disability payments of $3,156 resulting from Father's disability were placed in Mother's column of the worksheet, the trial court realized the error and calculated child support as if the $3,156 figure had been placed in Father's column on the worksheet. As a result, the error on the worksheet had no impact on Father's child support obligation.[1]
 {¶ 12} This Court will not disturb a judgment or order of the trial court "unless refusal to take such action appears to the Court inconsistent with substantial justice." Junke v. HinkleyBoard of Zoning Appeals, 9th Dist. No. 03CA0102-M,2004-Ohio-4882, at ¶ 6, citing Civ.R. 61. Because the trial court compensated for the error in its October 24, 2002 judgment entry, we find no reason to disturb the trial court's October 24, 2002 decision. Nor do we find support for Father's argument that the error on the worksheet entitles him to any type of relief from judgment. It follows that the trial court did not abuse its discretion when it denied Father's Civ.R. 60(A) motion for relief from judgment.
 {¶ 13} Turning next to Father's argument that the trial court erred as a matter of law when it denied his Civ.R. 60(B) motion for relief from judgment, this Court notes that the full extent of Father's argument on this issue was the following:
"More over, Civ. R. 60(B)(5) also supports, as a matter of law, such a correction. [Father] met all the requirements of Civ. R. 60(B) and of Ohio case law, as related to 60(B) relief. Ohio courts, repeatedly, have held that Civ. R. 60(B) is a remedial rule and should be liberally construed." (sic)
 {¶ 14} Nowhere in his brief to this Court did Father cite Civ.R. 60(B), nor did he so much as present any legal authorities or legal arguments and analysis in support of his assertion that he was entitled to relief pursuant to Civ.R. 60(B). As a result of this deficiency, this Court will disregard his argument that he is entitled to relief pursuant to Civ.R. 60(B). See, App.R. 16(A)(7); Loc.R. 7(A)(7).
 {¶ 15} In light of the foregoing, this Court finds that the trial court did not abuse its discretion when it denied Father's Civ.R. 60(B) motion for relief from judgment. Father's first assignment of error is without merit.
 Assignment of Error Number Two
"The trial court erred and abused its discretion."
 Assignment of Error Number Three
"The trial court erred by its denial of due process of law."
 {¶ 16} In his second assignment of error, Father has argued that the trial court abused its discretion when it denied his Civ.R. 60(A) and Civ.R. 60(B) motions for relief from judgment of the trial court's October 24, 2002 decision. He has further argued that the trial court abused its discretion when it adopted the magistrate's decision and denied his seven branch post judgment motion. Father has also argued that the trial court abused its discretion when it denied his motion for additional time in which to file objections to the magistrate's decision after the trial court had already adopted the magistrate's decision. In his third assignment of error, Father has argued that he was denied the due process of law when the trial court failed to hold an evidentiary hearing before it decided his seven branch post judgment motion.
 {¶ 17} Because Father has failed to present any legal authorities or legal arguments and analysis in support of any of the arguments he has presented in his second and third assignments of error, we decline to address either assignment of error. See App.R. 16(A)(7); Loc.R. 7(A)(7). As a result, Father's second and third assignments of error are without merit.
 III {¶ 18} Father's three assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, J.
Batchelder, J. Concur
[1] Even though the trial court essentially corrected the error on line 22(e) of the worksheet by crediting Father with $3,156 when calculating his child support obligation, either party is free to file a corrected worksheet reflecting the $3,156 in Father's column of the worksheet or move the trial court to correct the worksheet. Such a filing would, in our opinion, avoid any future confusion with respect to Father's disability payments.